**REESE RICHMAN LLP**
Michael R. Reese (Cal. State Bar. No. 206773)
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone: (212) 579-4625
Facsimile: (212) 5673-4272
michael@reeserichman.com

**WHATLEY DRAKE & KALLAS, LLC**
Deborah Clark Weintraub
1540 Broadway, 37th Floor
New York, New York 10036
Telephone: (212) 447-7070
Facsimile: (212) 447-7077
dweintraub@wdklaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARNOLD KREEK, Individually And On Behalf Of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS FARGO FUNDS TRUST, WELLS FARGO DISTRIBUTORS, STEPHENS, INC., WELLS FARGO BANK, N.A.,<br><br>     Defendants. | Case No. CV 08-1830 JSW<br><br>**ADMINSTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND TRANSFERRED** |
| RONALD SIEMERS, Individually And On Behalf Of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>WELLS FARGO & COMPANY, H.D. VEST INVESTMENT SERVICES, LLC, WELLS FARGO INVESTMENTS, LLC, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS CAPITAL MANAGEMENT, INC., STEPHENS, INC., WELLS FARGO FUNDS DISTRIBUTOR, LLC, AND WELLS FARGO FUNDS TRUST,<br><br>     Defendants. | Case No. CV 05-04518 WHA |

1    Pursuant to Civil Local Rule 3-12(b), Plaintiffs, by and through their counsel, hereby submit
2    this Administrative Motion requesting consideration of whether the two cases listed below are
3    related and should therefore be assigned to the same judge:
4        (1)   *Kreek v. Wells Fargo & Co., et al.,* Case no. CV 08-01830 JSW ("*Kreek* action");
5        and
6        (2)   *Siemers v. Wells Fargo & Co., et al.,* Case No. CV 05-04518 WHA ("*Siemers*
7              action").
8    The *Siemers* action has been presiding in front of Judge William H. Alsup for approximately
9    two and a half years. Final approval of the settlement and final judgment in the *Siemers* action were
10   entered on February 5, 2008. Plaintiffs in the *Kreek* action filed their complaint in the Northern
11   District of California on April 4, 2008. The actions allege the same facts against several of the
12   same defendants but the *Kreek* action was brought on behalf of purchasers of Wells Fargo mutual
13   funds not included in the class certified in the *Siemers* action. As set forth in greater detail below,
14   the two actions are related within the meaning of Civil Local Rule 3-12 and should be assigned to
15   the same judge.
16       Local Rule 3-12 provides that an action is related to another when: "(1) [t]he actions concern
17   substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there
18   will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are
19   conducted before different Judges." The *Siemers* and *Kreek* actions satisfy both of these prongs and
20   should therefore be related.
21       The first prong of 3-12 is satisfied. Both actions are brought on behalf of a class of
22   individuals who purchased Wells Fargo mutual funds and both name several of the same
23   defendants, Wells Fargo and various subsidiaries of Wells Fargo. Both actions allege the same set
24   of core facts: that defendants allegedly engaged in a kickback scheme by creating a revenue-sharing
25   agreement with brokerages and selling agents who sold Wells Fargo mutual funds. The events in
26   question in both the *Siemers* action and the *Kreek* action are virtually identical, the only difference
27   being the specific funds in which the scheme was perpetrated. Moreover, the mutual funds at issue
28   in *Kreek* were initially part of the mutual funds in *Siemers*. Furthermore, the *Kreek* action

specifically notes that the case is premised on the facts alleged in the *Siemers* action. Finally, both actions allege violations of the federal securities laws and seek the same relief.

The second prong of 3-12 is also satisfied. Because the actions involve several of the same defendants, the same set of core facts and the same causes of actions and requests for relief, the *Kreek* action will require adjudication of common legal and factual issues that were raised in the *Siemers* action. Furthermore, duplication of labor and expense will result from assigning the *Kreek* action to a judge other than Judge William H. Alsup, who is already familiar with the factual and legal issues in the *Siemers* action. Having the actions conducted before two different judges would also pose the risk of conflicting results.

Plaintiffs have conferred with Defendants, who, while denying the allegations set forth above, do not oppose this motion.

Plaintiffs therefore respectfully request that the actions be deemed "related" to each other and assigned to Judge William H. Alsup pursuant to Local Rule 3-12(f).

DATED:   April 14, 2008

**REESE RICHMAN LLP**
By: ____/s/ Michael R. Reese_____
Michael R. Reese
230 Park Avenue, 10th Floor
New York, New York  10169
Telephone:(212) 579-4625
Facsimile: (212) 253-4272

- and -

**WHATLEY DRAKE & KALLAS, LLC**
Deborah Clark Weintraub
Elizabeth Rosenberg
1540 Broadway, 37th Floor
New York, New York 10036
Telephone:  (212) 447-7070
Facsimile:  (212) 447-7077

*Counsel for Plaintiffs*