**REESE RICHMAN LLP**
Michael R. Reese (Cal. State Bar. No. 206773)
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone:  (212) 579-4625
Facsimile:  (212) 5673-4272

        -   and –

**WHATLEY DRAKE & KALLAS, LLC**
Deborah Clark Weintraub
Elizabeth Rosenberg
1540 Broadway, 37th Floor
New York, New York 10036
Telephone:  (212) 447-7070
Facsimile:  (212) 447-7077

*Counsel for Plaintiffs*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARNOLD KREEK, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS FARGO FUNDS TRUST, WELLS FARGO DISTRIBUTORS, STEPHENS, INC., WELLS FARGO BANK, N.A., <br><br> Defendants. | No. CV-08-1830 WHA <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date:  July 3, 2008 <br><br> Time:  11:00 a.m. <br><br> Ctrm: 9, 19th Floor <br><br> Honorable William H. Alsup |

1    Pursuant to Civil Local Rule 16-9 and the Court's Orders of April 22, 2008 (Dkt. 8) and May

2    20, 2008 (Dkt. 22), all parties hereby submit this Joint Case Management Report and [Proposed]

3    Order in advance of the Case Management Conference set for July 3, 2008.

4    **I.    PRELIMINARY STATEMENT**

5        Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the undersigned conferred via

6    telephone on June 18, 2008.  The parties agreed that, with the exception noted in Paragraph 1 below,

7    it is premature at this time to discuss any matters related to discovery or a timetable for resolution of

8    this case because:

9        1.    The claims in this case are subject to the Private Securities Litigation Reform Act of

10            1995 ("PSLRA").  Pursuant to the PLSRA, all discovery in this matter is stayed.  However,

11            the parties have agreed and stipulated that discovery produced in the related matter of

12            *Siemers v. Wells Fargo & Co. et al.*, case no. 05-cv-04518 WHA ("*Siemers* Action"), can be

13            used in the above-captioned action as detailed in the Discovery Stipulation attached hereto as

14            Exhibit A.

15        2.    A lead plaintiff has not been appointed.  The hearing on the lead plaintiff motion is set

16            to be scheduled for July 31, 2008.

17        3.    Plaintiff's counsel is not in a position to make any binding commitments until lead

18            plaintiff and counsel for lead plaintiff are appointed.

19        4.    The Court has approved the Stipulation and Scheduling Order (Dkt. 22) providing that

20            the pleadings will not be joined until after lead plaintiff and counsel for lead plaintiff are

21            appointed, and providing further that the parties are to meet and confer regarding initial

22            disclosures and discovery within 30 days thereafter.

23    **II.    JURISDICTION, VENUE AND SERVICE**

24        This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the

25    Securities Exchange Act, 15 U.S.C. § 78aa; Section 22 of the Securities Act, 15 U.S.C. § 77v; and

26    28 U.S.C. § 1331.  There are no issues regarding personal jurisdiction or venue and no parties

27    remain to be served.

28

**III.    DESCRIPTION OF THE ACTION**

    **A.    A Brief Description of the Events Underlying this Action**

        **1. Procedural History**

On April 4, 2008, Plaintiff Arnold Kreek filed a class action complaint (Dkt. 1) for violation of the federal securities laws ("*Kreek* Action").  As plead, the *Kreek* Action is brought, in large part, on behalf of investors not covered by the class certified in the related *Siemers* Action, which resulted in a settlement approved by this Court on February 5, 2008.  By Order dated April 22, 2008 (Dkt. 7), this Court related the *Kreek* Action to the *Siemers* Action.

By separate order also dated April 22, 2008 (Dkt. 8), the Court set a Case Management Conference for July 3, 2008, and also set certain other case management and discovery deadlines. On May 20, 2008, the Court approved the Stipulation and Scheduling Order (Dkt. 22), setting a schedule for filing any consolidated complaints, briefing any motions to dismiss, and filing answers, and revising certain of the previously set case management and discovery deadlines.

        **2. The Parties**

Arnold Kreek is the named Plaintiff.  Mr. Kreek brings this action on behalf of investors not covered by the class certified in the *Siemers* Action.

The Defendants are Wells Fargo & Company; Well Fargo Funds Management, LLC; Wells Fargo Funds Trust; Wells Fargo Funds Distributors, LLC; Stephens Inc.; and Wells Fargo Bank, N.A.

        **3. The Allegations of the Complaint**

The complaint challenges the same revenue sharing and other compensation agreements that were challenged in the *Siemers* Action, but on behalf of proposed class members other than those that were members of the settlement class in the *Siemers* Action.  In particular, Plaintiff challenges alleged monetary incentives to broker/dealers and other selling agents that were made from the mutual fund fees paid by Plaintiff and other proposed class members.

        **4. Related Proceedings Elsewhere**

The above-captioned action has been deemed related to *Siemers v. Wells Fargo & Co. et al.*, 05-cv-04518 WHA.

**5.  Disclosure of Non-Party Interested Entities or Persons**

The parties expect shortly to file Certifications of Interested Entities or Persons.

**B.      Principal Factual Issues which the Parties Dispute**

Until the pleadings are settled, the parties believe it is premature to decide what factual issues are genuinely in dispute.  It seems possible, however, that there could be disputes over factual issues such as:

        1.     The nature and scope of the alleged revenue sharing and other compensation agreements;

        2.     The extent to which the alleged revenue sharing and other compensation agreements were adequately disclosed;

        3.     The extent to which the alleged revenue-sharing payments were "excessive" under the *Gartenberg* factors or, instead, derived from legitimate profits of the Defendants; and

        4.     Damages.

**C.      Principal Legal Issues which the Parties Dispute; Narrowing of Issues**

Until the pleadings are settled, the parties agree that it is premature to decide what legal issues are genuinely disputed and, therefore, what issued may be narrowed by agreement or motion.  It seems likely, however, that there could be disputes over legal issues such as:

        1.     Whether the Defendants violated the federal securities laws; and

        2.     Whether Plaintiff is entitled to damages.

**D.      The Additional Parties which the Below-Specified Parties Intend to Join and the Intended Time Frame for such Joinder**

Plaintiff intends to add additional plaintiffs who would serve as class representatives for investors in groups of approximately ten mutual funds each, with a total of approximately five such groupings.  Plaintiff then proposes that certain issues could be tried jointly for all mutual funds investors, with collateral estoppel effect for findings of fact in favor of plaintiff.  For other issues, each grouping of ten mutual funds would have a separate trial.

The Defendants do not contemplate joining any other parties.  The Defendants also believe it

1   is premature to consider how the case is to be tried, and until further details are provided regarding

2   the proposed "groupings" and issued to be tried "jointly," are not in a position to consent to or reject

3   Plaintiff's proposed method for trying the case.

4          **E.    Assignment of this Case to a United States Magistrate for Jury Trial, Binding**

5                  **Arbitration, a Special Master, or Judicial Panel on Multidistrict Litigation.**

6          The parties do not consent to assignment to a Magistrate, nor do they believe the case is

7   suitable for reference to a binding arbitration, a special master, or the JPML.

8          **IV.    PENDING AND ANTICIPATED MOTIONS, AMENDMENT OF PLEADINGS,**

9                  **AND OTHER SCHEDULING**

10         The lead plaintiff motion is set to be scheduled for hearing on July 31, 2008.

11         Pursuant to stipulation and order of the Court, lead plaintiff will have 30 days to file an

12  amended complaint after lead plaintiff appointment.  The Defendants will then have 30 days to file a

13  motion to dismiss.

14         If the amended complaint survives the Defendants' anticipated motion to dismiss, Plaintiff

15  will then file a motion for class certification after class certification discovery is conducted.

16         Should any claims survive a motion to dismiss, the Defendants would anticipate filing a

17  summary judgment motion.

18         The parties believe it is premature at this point to propose a briefing schedule for any

19  dispositive motions, or dates for designation of experts or a discovery cutoff.  The parties do not

20  believe that this case can be handled on an expedited basis with streamlined procedures.

21         **V.    ALTERNATIVE DISPUTE RESOLUTION**

22         Counsel for the parties have discussed alternative dispute resolution with their respective

23  clients.

24         Plaintiff cannot consent to engage in Alternative Dispute Resolution until lead plaintiff and

25  lead counsel are selected by the Court.

26         The Defendants are unlikely to engage in any ADR likely to result in any monetary

27  payments by the Defendants, including attorneys' fees and costs.

28

## VI.    DISCLOSURES AND DISCOVERY

### A.    Disclosures

Pursuant to the Court's May 20, 2008 Order, the parties will file a Rule 26(f) Report and will complete initial disclosures or state objections thereto no later than 45 days after the Defendants file their answer.

### B.    Evidence Preservation

The parties have complied with the evidence-preservation requirements of Paragraph 4 of this Court's Supplemental Order Setting Initial Case Management Conference.

### C.    The Parties' Position on Discovery

The parties have entered a stipulation on discovery, attached hereto as Exhibit A, that stays discovery pursuant to the PSLRA, but allows use in the above-captioned action of the discovery produced in the *Siemers* Action.  The parties proposed discovery plan will be included in the Rule 26(f) Report that will be filed pursuant to the Court's May 20, 2008 Order.

## VII.    TRIAL SCHEDULE

The parties believe that it would be premature to set a date for trial at this time because the pleadings are not yet finalized.

The parties agree that the case will be tried to a jury.

With respect to the length of trial, Plaintiff believes that common issues for all mutual funds, including whether the Defendants made the revenue-sharing payments in question and the purpose behind such payments, could be tried for all mutual funds in approximately five days after a jury is selected.  With respect to issues that would be tried for each separate grouping of mutual funds, *i.e.* the *Gartenberg* factors, Plaintiff believes that those issues could be tried in three to five days for each separate group.

The Defendants believe that one or multiple trials involving all Wells Fargo mutual funds would be unmanageable and, if attempted, would require considerably more than five days.

## VIII.    CLASS ACTION

Pursuant to Civil Local Rule 16-9(b), Plaintiff hereby provides the following additional information:

1.    This action is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

2.    This action is brought on behalf of all persons or entities who purchased one or more of the Wells Fargo mutual funds (except for the Wells Fargo Diversified Equity Fund, Montgomery Emerging Markets Fund and Small Cap Growth Fund) from November 4, 2000 through April 11, 2006 inclusive.

3.    Plaintiff is entitled to maintain the action under FRCP 23(a) and (b) because:

(a) there are tens of thousands of members in the proposed class;

(b) common questions of law and fact exist as to all class members including whether the federal securities laws were violated by the Defendants' acts; and

(c) the proposed representative parties will fairly and adequately protect the interests of the class.

4.    Plaintiff believes that it is premature to set a date for class certification until after the Court has ruled on the Defendants' anticipated motion to dismiss.

The Defendants deny that class certification is appropriate, but agree with Paragraph 4 above

## IX.    SERVICE LIST FOR ALL COUNSEL

The following is a service list for all counsel in this matter:

| **Counsel for Plaintiff** | **Counsel for the Defendants** |
|---|---|
| REESE RICHMAN LLP | HOWARD RICE NEMEROVSKI |
| Michael R. Reese | CANADY FALK & RABIN, PC |
| Kim E. Richman | Gilbert R. Serota |
| 230 Park Avenue, 10th Floor | Jason M. Skaggs |
| New York, New York 10169 | Jeremy T. Kamras |
| Telephone: (212) 579-4625 | Three Embarcadero Center, 7th Floor |
| Facsimile: (2121) 253-4272 | San Francisco, California 94111 |
| | Telephone: (415) 434-1600 |
| | Facsimile: (415) 217-5910 |

1    WHATLEY DRAKE & KALLAS PC
     Deborah Clark Weintraub
2    Elizabeth Rosenberg
     1540 Broadway, 37th Floor
3    New York, New York 10036
     Telephone: (212) 447-7070
4    Facsimile: (212) 447-7077

5
     DATED: June 19, 2008.                    Respectfully,
6
                                              GILBERT R. SEROTA
7                                             JASON M. SKAGGS
                                              JEREMY T. KAMRAS
8                                             **HOWARD RICE NEMEROVSKI CANADY**
                                                  **FALK & RABKIN**
9                                             A Professional Corporation
                                              Three Embarcadero Center, 7th Floor
10                                            San Francisco, California 94111
                                              Telephone: (415) 434-1600
11                                            Facsimile: (415) 217-5910

12                                            By: /s/ Jason M. Skaggs
                                                  JASON M. SKAGGS
13                                            Attorneys for Defendants WELLS FARGO &
                                              COMPANY, WELLS FARGO FUNDS MANAGEMENT,
14                                            LLC, WELLS FARGO FUNDS TRUST, WELLS FARGO
                                              FUNDS DISTRIBUTOR, LLC, STEPHENS, INC. AND
15                                            WELLS FARGO BANK, N.A.

16   DATED: June 19, 2008.                    MICHAEL R. REESE

17                                            **REESE RICHMAN LLP**
                                              230 Park Avenue, 10th Floor
                                              New York, NY 10169
18
                                              By: /s/ Michael R. Reese
19                                                MICHAEL R. REESE

20                                            **WHATLEY DRAKE & KALLAS, LLC**
                                              Deborah Clark Weintraub
21                                            Elizabeth Rosenberg
                                              1540 Broadway, 37th Floor
22                                            New York, New York 10036
                                              Telephone: (212) 447-7070
23                                            Facsimile: (212) 447-7077

24                                            Attorneys for Plaintiff ARNOLD KREEK

25

26

27

28

1

2

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

3

    I, Michael R. Reese, hereby declare pursuant to General Order 45, § X.B, that I have

4

obtained the concurrence in the filing of this document from the signatory listed above.

5

    I declare under penalty of perjury that the foregoing is true and correct.

6

    Executed on June 19, 2008 at New York, New York.

7

8

9                                    **REESE RICHMAN LLP**

10                          By:  /s/ Michael R. Reese

11                               Michael R. Reese
                                 230 Park Avenue, 10th Floor

12                               New York, New York 10169
                                 **Attorney for Plaintiff Arnold Kreek**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CASE MANAGEMENT ORDER

2

3        The Joint Case Management Statement and [Proposed] Order is hereby adopted by the Court

4   as the Case Management Order for the case and the parties are ordered to comply with this Order.

5   In addition, the Court orders that a further Case Management Conference shall be set for

6   _____ at 11:00 A.M. in Courtroom 9, 19th Floor.   The parties shall file an

7   amended Joint Case Management Conference Statement not less than seven days prior to that date.

8        Dated:  July __, 2008.

9

10

11                                              _____

12                                              Honorable William H. Alsup
                                                United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   GILBERT R. SEROTA (No. 75305)
    Email: gserota@howardrice.com
2   JASON M. SKAGGS (No. 202190)
    Email: jskaggs@howardrice.com
3   JEREMY T. KAMRAS (No. 237377)
    Email: jkamras@howardrice.com
4   HOWARD RICE NEMEROVSKI CANADY
            FALK & RABKIN
5   A Professional Corporation
    Three Embarcadero Center, 7th Floor
6   San Francisco, California  94111-4024
    Telephone:    415/434-1600
7   Facsimile:    415/217-5910

8   Attorneys for Defendants
    WELLS FARGO & COMPANY, WELLS FARGO
9   FUNDS MANAGEMENT, LLC, WELLS FARGO
    FUNDS TRUST, WELLS FARGO FUNDS
10  DISTRIBUTOR, LLC, STEPHENS, INC., WELLS
    FARGO BANK, N.A.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16  ARNOLD KREEK, Individually And On Behalf        No. CV-08-1830 WHA
    Of All Others Similarly Situated,
17                                                  Action Filed: April 4, 2008
                     Plaintiffs,
18                                                  STIPULATION RE DISCOVERY
    v.
19
    WELLS FARGO & COMPANY, WELLS
20  FARGO FUNDS MANAGEMENT, LLC,
    WELLS FARGO FUNDS TRUST, WELLS
21  FARGO DISTRIBUTORS, STEPHENS, INC.,
    WELLS FARGO BANK, N.A.,
22
                     Defendants.
23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    WHEREAS, on November 5, 2005, a class action lawsuit thereafter captioned *Ronald Siemers*

2    *v. Wells Fargo & Company, et al.*, Case No. 05-04518 WHA (the "*Siemers* Action") was filed in the

3    United States District Court for the Northern District of California, alleging that Wells Fargo &

4    Company, Wells Fargo Investments, LLC, Wells Fargo Funds Trust, Wells Fargo Funds

5    Management, LLC, Wells Capital Management Incorporated, Wells Fargo Funds Distributor, LLC,

6    and Stephens Inc. engaged in "revenue sharing" allegedly in violation of federal securities laws;

7    WHEREAS, on June 30, 2006, the Court appointed as lead counsel in the *Siemers* Action the

8    law firm of Gutride Safier LLP, which later became Gutride Safier Reese LLP when Michael R.

9    Reese joined as partner;

10    WHEREAS much of the material subject to discovery in the *Siemers* Action was confidential,

11    and on December 18, 2006, the parties therefore stipulated to the entry of Stipulated Protective

12    Order No. 1 governing the use and dissemination of materials produced in the course of discovery,

13    which on December 21, 2006, the Court approved and entered with certain modifications;

14    WHEREAS pursuant to Section 7.1 of Stipulated Protective Order No. 1, the parties were to

15    use discovery designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

16    ATTORNEYS' EYES ONLY" for prosecuting, defending, or attempting to settle the *Siemers*

17    Action only;

18    WHEREAS pursuant to Section 11 of Stipulated Protective Order No. 1, within sixty days

19    after the final termination of the *Siemers* Action, the parties were to return (or, with permission of

20    the party producing the material, destroy) all discovery designated as "CONFIDENTIAL" or

21    "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," including all copies, abstracts,

22    compilations, summaries or any other form of reproducing or capturing such material, except that

23    counsel for the parties were entitled to retain an archival copy of all pleadings, motion papers,

24    transcripts, legal memoranda, correspondence or attorney work product;

25    WHEREAS Wells Fargo & Company, Wells Fargo Funds Management, LLC, Wells Capital

26    Management Incorporated, Wells Fargo Funds Distributor, LLC, and Stephens Inc., in response to

27    discovery requests in the *Siemers* Action and pursuant to Stipulated Protective Order No. 1,

28    produced, in addition to written responses, 5 deponents and more than 90,000 pages of documents;

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

STIPULATION RE DISCOVERY                    CV-08-1830 WHA
-1-

1    WHEREAS on July 5, 2007, the parties in the *Siemers* Action entered into a Stipulation of

2    Settlement;

3    WHEREAS pursuant to Paragraph 8 of the Stipulation of Settlement, the parties and counsel

4    in the Siemers Action reaffirmed their commitment to comply with all terms of Stipulated Protective

5    Order No. 1 as modified by the Court and all settlement and mediation privileges, including:

6    (a) their obligation under Section 7.1 of Stipulated Protective Order No. 1 and settlement

7    and mediation privileges to use discovery designated as "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL — ATTORNEYS' EYES ONLY," information obtained in connection with the

9    negotiation of the settlement, and any material derived from such discovery or information, solely in

10   connection with the *Siemers* Action, and

11   (b) their obligation under Section 11 of the Stipulated Protective Order No. 1 to, within

12   60 days of the Effective Date of the Settlement, destroy all discovery designated as

13   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and any

14   material derived therefrom (including without limitation all copies, abstracts, compilations,

15   summaries), except that counsel for the parties were entitled to retain an archival copy of all

16   pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

17   and any material that became public due to its use at any public hearing or its incorporation in any

18   publicly available order of the Court;

19   WHEREAS the Court granted final approval of the settlement in the *Siemers* Action on

20   February 5, 2008, and in the absence of any appeals therefrom, the final termination of the Siemers

21   Action occurred on, and the Effective Date of the settlement was, March 7, 2008;

22   WHEREAS, on April 4, 2008, Plaintiff ARNOLD KREEK, individually and on behalf of all

23   others similarly situated ("Plaintiff"), filed a class action lawsuit in the United States District Court

24   for the Northern District of California captioned *Arnold Kreek v. Wells Fargo & Company, et al.*,

25   Case No. CV-08-1830 WHA (the "*Kreek* Action") alleging that Defendants WELLS FARGO &

26   COMPANY, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS FARGO FUNDS

27   TRUST, WELLS FARGO FUNDS DISTRIBUTOR, LLC, STEPHENS, INC. and WELLS FARGO

28   BANK, N.A. (collectively, "*Kreek* Defendants") engaged in "revenue sharing" allegedly in violation

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

STIPULATION RE DISCOVERY                          CV-08-1830 WHA
-2-

1    of federal securities laws;

2    WHEREAS certain of the claims in the *Kreek* Action arise under the Private Securities

3    Litigation Act of 1995 such that, pursuant to 15 U.S.C. §78u-4(b)(3)(B), discovery is stayed pending

4    "any motion to dismiss, unless the court finds upon the motion of any party that particularized

5    discovery is necessary to preserve evidence or to prevent undue prejudice to that party";

6    WHEREAS the allegations, claims, parties and counsel in the *Kreek* Action are substantially

7    similar to those in the *Siemers* Action, so much so that by an order dated April 22, 2008, the Court

8    deemed the *Kreek* Action and the *Siemers* Action related cases;

9    WHEREAS, Michael Reese has departed from the law firm of Gutride Safier Reese LLP and

10   is currently a partner with Reese Richman LLP;

11   WHEREAS, Plaintiff Arnold Kreek is currently represented in the *Kreek* Action by Reese

12   Richman LLP and Whatley Drake & Kallas, LLC;

13   WHEREAS, Michael Reese remains in possession of discovery produced in the *Siemers*

14   Action that has been designated as confidential or highly confidential, but has not shared that

15   discovery with Whatley Drake & Kallas, LLC;

16   WHEREAS, pursuant to Stipulated Protective Order No. 1 and the Stipulation of Settlement

17   entered in the *Siemers* Action, the parties and their counsel in the *Siemers* Action were obligated to

18   destroy the discovery materials as specified above on or before May 5, 2008, but counsel in the

19   *Siemers* Action mutually agreed to extend this deadline first to May 19, 2008, again to May 27,

20   2008, and then with respect to Reese Richman LLP only, to June 2, 2008;

21   WHEREAS the parties and their counsel in the *Kreek* Action recognize the efficiency of

22   utilizing discovery produced in the *Siemers* Action;

23   NOW THEREFORE, the undersigned parties hereby agree and stipulate as follows;

24   1.    Notwithstanding Section 7.1 of Stipulated Protective Order No. 1 entered in the *Siemers*

25   Action, any discovery produced in the *Siemers* Action by the *Kreek* Defendants, including

26   documents, interrogatory responses, admissions and deposition testimony, may be used by all parties

27   in the *Kreek* Action, provided however that:

28   (a)    the use of such materials shall be subject to a protective order as provided in

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

STIPULATION RE DISCOVERY                    CV-08-1830 WHA
-3-

1    Paragraph 8 below; and

2        (b)    Michael R. Reese and Reese Richman LLP may not share any such materials with

3    anyone, including parties or counsel in the *Kreek* Action, before the Court enters an order appointing

4    lead counsel, and in the event that Michael R. Reese and Reese Richman LLP are not appointed lead

5    counsel or are appointed lead counsel with co-counsel, and lead counsel or co-counsel refuses to

6    agree to comply with any provision of this Stipulation, then, at the Defendants' discretion, the

7    Defendants may demand that Michael R. Reese and Reese Richman LLP immediately comply with

8    Sections 7.1 and 11 of Stipulated Protective Order No. 1 and Paragraph 8 of the Stipulation of

9    Settlement entered in the *Siemers* Action.

10        2.    Subject to Paragraph 1 above, Section 11 of Stipulated Protective Order No. 1 and

11    Paragraph 8 of the Stipulation of Settlement entered in the *Siemers* Action, to the extent they pertain

12    to the return or destruction of discovery produced in the *Siemers* Action by the *Kreek* Defendants,

13    are suspended until the final termination of the *Kreek* Action with respect to plaintiff(s) represented

14    by Reese Richman LLP.  The final termination shall occur when the time for appeal or review of a

15    final judgment with respect to plaintiff(s) represented by Reese Richman LLP in the *Kreek* Action

16    expires or, if any appeal is filed and not dismissed, five (5) business days after the final judgment is

17    upheld on appeal in all material respects and is no longer subject to review upon appeal or by writ of

18    certiorari.

19        3.    Neither Paragraphs 1 nor 2 above apply to, or in any way alter the obligations regarding

20    information obtained in connection with the negotiation of the settlement in the *Siemers* Action,

21    which information may not be used in the *Kreek* Action and to which all settlement and mediation

22    privileges continue to apply.

23        4.    Notwithstanding Paragraph 2 above, nothing in this Stipulation alters the obligations of

24    any individuals or entities who are not signatories to this Stipulation, including but not limited to

25    Adam Gutride and Seth Safier and any firm of which they are members or with which they are

26    associated, including but not limited to Gutride Safier LLP.

27        5.    Neither Plaintiff Kreek, Reese Richman, LLP, Whatley Drake & Kallas, LLC, nor any

28    other current or future plaintiff in the *Kreek* Action represented by Reese Richman LLP or Whatley

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   Drake & Kallas LLC will propound discovery requests in the *Kreek* Action that are duplicative, in
2   substance or effect, of the discovery requests propounded in the *Siemers* Action upon the *Kreek*
3   Defendants, nor will they seek to depose any witness produced in the *Siemers* Action by the *Kreek*
4   Defendants with respect to subject matters or documents that were addressed or could have been
5   addressed with such witness during a deposition previously taken in the *Siemers* Action.

6       6.    The *Kreek* Defendants shall have a duty to supplement their discovery from the *Siemers*
7   Action only after the *Kreek* Defendants have filed their answer in the *Kreek* Action and, with respect
8   to document production, only to the extent that the documents are relevant to the surviving claims
9   and defenses in the *Kreek* Action.  With respect to interrogatory responses, the parties agree to meet
10  and confer to determine which, if any, of the *Kreek* Defendants' responses from the *Siemers* Action
11  should be supplemented in light of the surviving claims and defenses in the *Kreek* Action.

12      7.    Nothing in this Stipulation shall be construed to lift or modify the discovery stay in
13  effect pursuant to 15 U.S.C. §78u-4(b)(3)(B).  Plaintiff Kreek, Reese Richman, LLP, and Whatley
14  Drake & Kallas, LLC agree not to make any motion to lift the discovery stay in this action pursuant
15  to 15 U.S.C. §78u-4(b)(3)(B).

16      8.    The parties agree to seek the entry of an appropriate protective order to govern
17  information exchanged in the *Kreek* Action, and further agree that, until such protective order is
18  entered, the provisions of Stipulated Protective Order No. 1 entered in the *Siemers* Action as
19  modified by the Court and in this Stipulation shall apply in the *Kreek* Action as though Stipulated
20  Protective Order No. 1 was entered in the *Kreek* Action.  Such provisions shall apply both to
21  discovery produced in the *Siemers* Action but used in the *Kreek* Action, as well as to discovery
22  produced in the first instance in the *Kreek* Action.

23
24
25
26
27
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    DATED: June 11, 2008.

2                                          Respectfully,

3                                          GILBERT R. SEROTA
                                           JASON M. SKAGGS
                                           JEREMY T. KAMRAS
4                                          HOWARD RICE NEMEROVSKI CANADY
                                               FALK & RABKIN
5                                          A Professional Corporation

6                                          By: _____
                                                      GILBERT R. SEROTA
7
                                           Attorneys for Defendants WELLS FARGO &
8                                          COMPANY, WELLS FARGO FUNDS MANAGEMENT,
                                           LLC, WELLS FARGO FUNDS TRUST, WELLS FARGO
                                           FUNDS DISTRIBUTOR, LLC, STEPHENS, INC. AND
9                                          WELLS FARGO BANK, N.A.

10   DATED: June 10, 2008.                 REESE RICHMAN LLP
                                           MICHAEL R. REESE
11                                         230 Park Avenue, 10th Floor
                                           New York, NY 10169
12
                                           WHATLEY DRAKE & KALLAS, LLC
13                                         DEBORAH CLARK WEINTRAUB
                                           ELIZABETH ROSENBERG
14                                         1540 Broadway, 37th Floor
                                           New York, NY 10036
15

16                                         By: _____
                                                      MICHAEL R. REESE
17
                                           Attorneys for Plaintiff ARNOLD KREEK
18

19

20

21

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation