1  **REESE RICHMAN LLP**
   Michael R. Reese (Cal. State Bar. No. 206773)
2  230 Park Avenue, 10th Floor
   New York, New York 10169
3  Telephone: (212) 579-4625
   Facsimile: (212) 253-4272
4  michael@reeserichman.com

5       -  and –

6  **WHATLEY DRAKE & KALLAS, LLC**
   Deborah Clark-Weintraub
7  Elizabeth Rosenberg
   1540 Broadway, 37th Floor
8  New York, New York 10036
   Telephone: (212) 447-7070
9  Facsimile: (212) 447-7077
   dweintraub@wdklaw.com
10 erosenberg@wdklaw.com

11 Proposed Co- Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARNOLD KREEK, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS FARGO FUNDS TRUST, WELLS FARGO DISTRIBUTORS, STEPHENS, INC., WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No. CV-08 1830 (WHA)<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION TO APPOINT EDWARD LEE AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: July 31, 2008<br><br>Time: 8:00 a.m.<br><br>Ctrm: 9, 19th Floor<br><br>Honorable William H. Alsup |

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 31, 2008, at 8:00 a.m. or as soon thereafter as the matter may be heard in the Courtroom of the Honorable William H. Alsup, class member Edward Lee will move this Court for an Order: (1) appointing himself lead plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approving his selection of the law firms of Reese Richman LLP ("Reese Richman") and Whatley Drake & Kallas, LLC ("Whatley Drake") as co-lead counsel pursuant to the PSLRA; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is based on the Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Michael R. Reese in support thereof ("Reese Decl."), the pleadings, other files and records in the above-captioned action and other such written or oral argument as may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  PRELIMINARY STATEMENT

Presently pending before this Court is a federal class action lawsuit (the "Action") brought on behalf of all persons or entities who purchased one or more of the Wells Fargo Funds (except for the Wells Fargo Diversified Equity Fund, Montgomery Emerging Markets Fund and Small Cap Growth Fund) from November 4, 2000 through April 11, 2006 inclusive (the "Class Period") and allege violations of Sections 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77l(a)(2) and 77o) and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Class member Edward Lee respectfully moves this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to be appointed lead plaintiff and for the appointment of his counsel, Reese Richman LLP ("Reese Richman") and Whatley Drake & Kallas, LLC ("Whatley Drake") as lead counsel.

This motion is made on the grounds that Edward Lee is the most adequate plaintiff, as defined by the PSLRA. In addition, Edward Lee, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative class and he will fairly and adequately represent the interests of the class.

Pursuant to the PSLRA, the lead plaintiff selects the lead counsel subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). If appointed as lead plaintiff, Edward Lee respectfully proposes his selection of the law firms of Reese Richman and Whatley Drake to serve as co-lead counsel. Reese Richman has extensive institutional knowledge of the wrongful practices alleged in this action by virtue of the involvement of several of its attorneys in successfully litigating the related matter of *Siemers v. Wells Fargo & Co.*, case no. 05-cv-04518 (WHA) ("*Siemers* action"). Whatley Drake, a national plaintiffs' firm of 45 lawyers with offices in Birmingham, Alabama, New York, New York and Boston, Massachusetts that has successfully represented individual investors, pension funds and classes in securities litigation,

possesses the resources necessary to vigorously pursue this litigation on behalf of plaintiff and the putative class.

## II.  STATEMENT OF FACTS[1]

During the Class Period, defendants Wells Fargo & Company ("Wells Fargo") and its affiliates including Wells Fargo Fund Management, LLC, Wells Fargo Funds Distributors, LLC, Stephens Inc., and Wells Fargo Funds Trust (collectively "Defendants") created undisclosed conflicts of interest with members of the class by entering into revenue-sharing agreements with brokerages and selling agents who sold the Wells Fargo Funds whereby the brokerages and selling agents received revenue for pushing clients into Wells Fargo Funds, regardless of whether such investments were in the clients' best interests.  Defendants financed these arrangements by illegally charging excessive and improper fees to the Wells Fargo Funds investors, fees that should have been invested in the fund's underlying portfolio.  Defendants did not disclose to investors, at the time of purchase, their pre-existing and ongoing revenue sharing arrangements, but rather knowingly hid such information by way of material omissions and half-truths in their prospectuses and other offering documents.

## III.  ARGUMENT

### A.  Edward Lee Should Be Appointed Lead Plaintiff

#### 1.  The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *PR*

---

[1]  These facts are drawn from the allegations in the complaint filed in the above-captioned action.

3

1  *Newswire* on April 23, 2008.  *See* Reese Decl., Ex. A.  Within 60 days after publication of the
2  notice, any person or group of persons who are members of the proposed class may apply to the
3  Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in
4  the action.  15 U.S.C. §§ 78u-4(a)(3)(A) and (B).
5       Second, the PSLRA provides that, within 90 days after publication of the notice, the
6  Court shall consider any motion made by a class member and shall appoint as lead plaintiff the
7  member or members of the class that the Court determines to be most capable of adequately
8  representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B).  In determining the
9  "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
> (aa) has either filed the complaint or made a motion in response to a notice...
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15  15 U.S.C.  78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64
16  (D. Mass. 1996).  As discussed below, Edward Lee has complied with the procedural
17  prerequisites of the PSLRA, has demonstrated that, to the best of his knowledge, he has the
18  largest financial interest in the litigation of any other class member(s) seeking appointment as
19  lead plaintiff (if any), meets the relevant requirements of Fed. R. Civ. P. 23, and should be
20  appointed as the lead plaintiff.

21       2.  **Edward Lee Satisfies the "Lead Plaintiff" Requirements of The Exchange Act**
22       a.  **Edward Lee Has Complied With The Exchange Act and Should Be Appointed Lead Plaintiff**

24  The time period in which class members may move to be appointed lead plaintiff herein
25  under 15 U.S.C. §§ 78u-4(a)(3)(A) and (B) expires on June 23, 2008.  Pursuant to the provisions
26  of the PSLRA and within the requisite time frame after publication of the required notice

4

(published on April 23, 2008), Edward Lee timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

Edward Lee duly signed and filed a certification stating that he is willing to serve as a representative party on behalf of the class. *See* Reese Decl., Ex. B. In addition, Edward Lee has selected and retained competent counsel to represent him and the class. *See* Reese Decl., Exs. C and D. Accordingly, Edward Lee has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and selection of co-lead counsel as set forth herein, considered and approved by the Court.

### b. Edward Lee has the Requisite Financial Interest in the Relief Sought by the Class

In this case, investors were injured by paying fees and other expenses related to their investments in the Wells Fargo mutual funds. An investor's damages can be based upon the dollar amount of shares he purchased, as the fees that he paid that went for the allegedly improper kickbacks were premised on the amount of investment made.

Here, movant invested $20,025.10 in three Wells Fargo Funds on or about June 6, 2003. To movant's knowledge, this represents the largest financial interest of any competing lead plaintiff movant.

### c. Edward Lee Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

5

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. See *Lax v. First Merchs. Acceptance Corp.*, No. 97 c 2715 (DHC), 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). Edward Lee should be appointed lead plaintiff because he satisfies both the typicality and adequacy requirements of Rule 23.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See *Kelly v. City & County of S.F.*, 2005 U.S. Dist. LEXIS 31113, at *14-15 (N.D. Cal. Nov. 19, 2005) (the "issue is not whether there are individual issues of fact or law, but whether the proposed representatives have interests typical to those of the class members so that they will sufficiently pursue the class members' interests at trial").

Edward Lee satisfies the typicality requirement because, just like all other class members, he: (1) purchased from Wells Fargo shares of Wells Fargo Funds and/or held shares of such Funds during the Class Period; (2) purchased and/or held shares of Wells Fargo Funds units in reliance on the allegedly materially false and misleading statements issued by defendants and the integrity of the market for such units; and (3) suffered damages thereby. Thus, Edward Lee's claims are typical of those of other class members since his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is

met when "counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005).

Here, Edward Lee is an adequate representative of the class. His interests are aligned with the members of the class because he purchased Wells Fargo Funds during the Class Period pursuant to materially false and misleading statements. Furthermore, there is no evidence of any antagonism between Edward Lee and the other members of the class. Additionally, as shown below, Edward Lee's proposed co-lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Edward Lee *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve Edward Lee's Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Edward Lee has selected the law firms of Reese Richman and Whatley Drake as co-lead counsel, two law firms which have substantial experience in the prosecution of complex securities class actions. *See* Reese Decl., Exs. C and D.

Although the Court has previously stated its preference to appoint a single firm as lead counsel in securities class action cases, in this case the combination of Reese Richman and Whatley Drake as co-lead counsel will guarantee that the best interests of the proposed lead plaintiff and the members of the class will be represented. As forth below, Michael Reese of Reese Richman was the principal partner involved in litigating the related *Siemers* action. Because of Mr. Reese's experience in litigating the *Siemers* action, Mr. Reese is uniquely knowledgeable concerning the best manner in which to move this action forward in the most expeditious and manageable way. In fact, Mr. Reese has already stipulated with counsel for defendants that discovery produced in the *Siemers* action can be used in this Action.

Similarly, as set forth below, Whatley Drake is a nationally recognized class action law firm with the experience and resources to advance this litigation. Whatley Drake has vast experience in serving as lead or co-lead counsel in class action and complex litigation nationwide, and the primary partner who will be handling this litigation, Deborah Clark-Weintraub, has extensive securities class action experience and has taken a leading role in numerous securities class action cases including cases that have resulted in substantial recoveries for defrauded investors. *See* Reese Decl., Ex. D.

Together, the appointment of Reese Richman and Whatley Drake will ensure the efficient and orderly prosecution of this Action and provide the Class with the necessary resources to secure the best possible recovery. Moreover, given their past experience in litigating cases together, the appointment of Reese Richman and Whatley Drake to serve as co-lead counsel will not result in duplicative work and increased costs to the Class.

### 1. Reese Richman has Specialized Expertise in this Area

Reese Richman has specialized expertise in this area because several of the attorneys of Reese Richman were involved in the litigation of the related *Siemers* action. Specifically, Michael R. Reese of Reese Richman was the principal partner in charge of litigating on behalf of the plaintiffs in *Siemers*. Along with Mr. Reese, Kim E. Richman and Kate J. Stoia of Reese Richman also were involved in the litigation of *Siemers*. These attorneys of Reese Richman were involved in the review of some 100,000 pages of documents produced by the defendants in *Siemers*; depositions of key Wells Fargo witnesses; drafting of the pleadings in *Siemers*; and are otherwise intimately familiar with the facts and law of *Siemers*. Moreover, pursuant to a stipulation signed by the parties that allows the attorneys of Reese Richman to use the discovery from *Siemers* in the above-captioned action, Reese Richman will be able to put this knowledge to work immediately for the benefit of the proposed class.

### 2. Whatley Drake Has the Experience, Knowledge and Resources to Adequately Represent the Best Interests of the Class

Whatley Drake is a national plaintiffs' firm of 45 lawyers with offices in Birmingham, Alabama, New York, New York and Boston, Massachusetts. The attorneys at Whatley Drake are among the most experienced attorneys in the country in the prosecution of class actions and have repeatedly served as lead, co-lead or in other leadership roles in such cases.

Whatley Drake has a legacy of leadership in significant complex class action and derivative litigation, including securities, 401k, healthcare, insurance, employment and mass tort litigation. Whatley Drake has experience in cases alleging securities violations, similar to the violations alleged here, including, *inter alia*, the following: *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.*); In re MedPartners Sec. Litig.*, No. 98-cv-0067-S (N.D. Ala.); *In re Doral Fin. Corp. Sec. Litig.*, No. 1:05-md-07106-RO (S.D.N.Y.); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368-MRP-CW (C.D. Cal.); and *Hildenbrand v. W. Holding Inc.*, No. 07-1886 (D.P.R.). In addition, both Deborah Clark-Weintraub and Elizabeth Rosenberg, the Whatley Drake attorneys responsible for this matter, have previous experience litigating against the mutual fund industry in *In re Mutual Funds Investment Litigation*, 04-md-15863-JFM (D.Md.). Moreover, as further demonstrated by Whatley Drake's resume, the firm has the resources necessary to litigate this action to a successful conclusion. *See* Reese Decl., Ex. D.

Accordingly, the Court should approve Edward Lee's selection of Reese Richman and Whatley Drake as co-lead counsel.

## IV. CONCLUSION

For all the foregoing reasons, Edward Lee respectfully requests that the Court: (i) appoint Edward Lee as lead plaintiff in the Action; (ii) approve his selection of co-lead counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED:  June 23, 2008

/s/ *Michael R. Reese*
MICHAEL R. REESE
**REESE RICHMAN LLP**
230 Park Avenue, 10th Floor
New York, New York  10169
Telephone: (212) 579-4625
Facsimile: (212) 253-4272


**WHATLEY DRAKE & KALLAS, LLC**
Deborah Clark-Weintraub
Elizabeth Rosenberg
1540 Broadway, 37th Floor
New York, New York 10036
Telephone: (212) 447-7070
Facsimile: (212) 447-7077


*Proposed Co-Lead Counsel for Plaintiffs*