1   GILBERT R. SEROTA (No. 75305)
    Email: gserota@howardrice.com
2   JEREMY T. KAMRAS (No. 237377)
    Email: jkamras@howardrice.com
3   HOWARD RICE NEMEROVSKI CANADY
            FALK & RABKIN
4   A Professional Corporation
    Three Embarcadero Center, 7th Floor
5   San Francisco, California 94111-4024
    Telephone:   415/434-1600
6   Facsimile:   415/217-5910

7   Attorneys for Defendants
    WELLS FARGO & COMPANY, WELLS FARGO
8   FUNDS MANAGEMENT, LLC, and WELLS
    FARGO FUNDS TRUST
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  EDWARD LEE, EDWARD ARSENAULT,          No. 08-CV-1830 WHA
    EMIL DE BACCO, RICHARD HINTON,
15  ARNOLD KREEK, and MARGRET MACHT,        WELLS FARGO & COMPANY, WELLS
    Individually And On Behalf Of All Others   FARGO FUNDS MANAGEMENT, LLC,
16  Similarly Situated,                     AND WELLS FARGO FUNDS TRUST'S
                                            ANSWER TO AMENDED CLASS ACTION
17                  Plaintiffs,             COMPLAINT FOR VIOLATION OF THE
                                            FEDERAL SECURITIES LAWS
18        v.

19  WELLS FARGO & COMPANY, WELLS
    FARGO FUNDS MANAGEMENT, LLC, and
20  WELLS FARGO FUNDS TRUST,

21                  Defendants.

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1       Defendants Wells Fargo & Company, Wells Fargo Funds Management, LLC,   and Wells

2   Fargo Funds Trust (hereinafter collectively referred to as "Defendants" or "Wells Fargo") hereby

3   respond to Plaintiffs' Amended Consolidated Class Action Complaint for Violations of the Federal

4   Securities Laws (the "Amended Complaint").

5       Page 1, lines 1-8:  Defendants lack knowledge or information sufficient to form a belief about

6   the truth the allegations set forth in on page 1, lines 1-8, and on that basis deny the averments set

7   forth therein.   Defendants believe that there is no evidentiary support for the allegations of

8   wrongdoing by Defendants.

9       Set forth below are specific admissions and denials of the factual allegations in the Amended

10  Complaint.   The paragraph numbers correspond to the paragraph numbers of the Amended

11  Complaint. All allegations not expressly admitted are denied.

12      1.   Defendants need not respond to this allegation because all class claims have been

13  dismissed by the Court without leave to amend.   All other allegations of paragraph 1 of the

14  Amended Complaint are denied.

15      2.   Defendants admit only that Plaintiffs purport to premise the allegations in the

16  Amended Complaint on the Third Amended Complaint in the matter of *Siemers v. Wells Fargo &*

17  *Co., et al.*, case no. 05-cv-4518.  The Court's April 17, 2007 Order in *Siemers* speaks for itself.

18  Defendants deny any wrongdoing and deny that any mutual fund investors not covered by the

19  class certification order and subsequent settlement in *Siemers* are entitled to any relief.

20      3.   Denied.

21      4.   Denied.

22      5.   Denied.

23      6.   Denied.

24      7.   Paragraph 7 of the Amended Complaint is a conclusion of law to which no response is

25  required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

26  Defendants admit only that Plaintiffs purport to assert causes of action arising from federal

27  statutes.  Defendants deny all liability and deny they engaged in any wrongdoing.

28      8.   The first sentence of paragraph 8 of the Amended Complaint is a conclusion of law to

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    which no response is required, but to the extent that any statement is intended to be an allegation

2    of fact, it is denied. Defendants deny the allegations in the second sentence of paragraph 8 of the

3    Amended Complaint. Defendants admit only that Wells Fargo does business in San Francisco.

4    All other factual allegations in paragraph 8 of the Amended Complaint not expressly admitted are

5    denied.

6         9.    Denied.

7         10.   Defendants deny the allegations of the first sentence of paragraph 10 of the Amended

8    Complaint that Lee was damaged. Defendants lack knowledge or information sufficient to form a

9    belief about the truth of the allegations set forth in the remainder of paragraph 10 of the Amended

10   Complaint, and they are therefore denied.

11        11.   Defendants deny the allegations of the first sentence of paragraph 11 of the Amended

12   Complaint that Arsenault was damaged. Defendants lack knowledge or information sufficient to

13   form a belief about the truth of the allegations set forth in the remainder of paragraph 11 of the

14   Amended Complaint, and they are therefore denied.

15        12.   Defendants deny the allegations of the first sentence of paragraph 12 of the Amended

16   Complaint that De Bacco was damaged. Defendants lack knowledge or information sufficient to

17   form a belief about the truth of the allegations set forth in the remainder of paragraph 12 of the

18   Amended Complaint, and they are therefore denied.

19        13.   Defendants deny the allegations of the first sentence of paragraph 13 of the Amended

20   Complaint that Hinton was damaged. Defendants lack knowledge or information sufficient to

21   form a belief about the truth of the allegations set forth in the remainder of paragraph 13 of the

22   Amended Complaint, and they are therefore denied.

23        14.   Defendants deny the allegations of the first sentence of paragraph 14 of the Amended

24   Complaint that Kreek was damaged. Defendants lack knowledge or information sufficient to form

25   a belief about the truth of the allegations set forth in the remainder of paragraph 14 of the

26   Amended Complaint, and they are therefore denied.

27        15.   Defendants deny the allegations of the first sentence of paragraph 15 of the Amended

28   Complaint that Macht was damaged. Defendants lack knowledge or information sufficient to form

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1  a belief about the truth of the allegations set forth in the remainder of paragraph 15 of the

2  Amended Complaint, and they are therefore denied.

3      16.   Defendants admit that Wells Fargo & Company is the holding company for all

4  Defendants except Wells Fargo Funds Trust. Defendants admit that Wells Fargo & Company has

5  an office at 420 Montgomery Street, San Francisco, California. Defendants admit that Wells

6  Fargo & Company is a financial services company that provides the services described in

7  paragraph 16 of the Amended Complaint. Defendants deny that there was any "secret plan and

8  scheme" or any "kickback scheme" and denies the fifth sentence of paragraph 16 in its entirety.

9  Defendants admit that Plaintiffs sometimes refer to Wells Fargo & Company as the "Control

10 Person Defendants," in the Amended Complaint but deny that Wells Fargo & Company has any

11 liability in that capacity.

12     17.   Defendants admit the allegations in the second and third sentences of paragraph 17 of

13 the Amended Complaint. Defendants admit only that Wells Fargo Funds Management, LLC is a

14 Delaware limited liability company registered as an investment adviser under the Investment

15 Advisers Act and was formed in early 2001. With respect to the allegations in the fourth sentence

16 of paragraph 17, the referenced document speaks for itself. Defendants deny all other allegations

17 in paragraph 17 of the Amended Complaint.

18     18.   The responsibilities of and payments to Wells Fargo Funds Management are described

19 in prospectuses. The allegations of paragraph 18 differ from the descriptions in the prospectuses

20 for Wells Fargo Advantage Funds, therefore, Defendants deny the remaining allegations in

21 paragraph 18.

22     19.   Defendants admit that as of June 30, 2004, Wells Fargo Funds Management managed

23 over $75 billion in mutual fund assets. All remaining allegations in paragraph 19 of the Amended

24 Complaint are denied.

25     20.   Wells Fargo Funds Trust is the Registrant for certain Wells Fargo mutual funds for

26 purposes of filing certain information with the SEC. Defendants state that Wells Fargo Funds

27 Trust is an open-end management company organized in Delaware and is registered with the SEC

28 under the Investment Company Act. Defendants admit that Wells Fargo Funds Trust has its

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    offices at 525 Market Street, San Francisco, California 94105 and is sometimes referred to in the

2    Amended Complaint as the "Registrant Defendant." All remaining allegations in paragraph 20 of

3    the Amended Complaint are denied.

4        21.    Defendants lack knowledge or information sufficient to form a belief about the truth of

5    the allegations in paragraph 21 of the Amended Complaint, and they are therefore denied.

6        22.    Defendants deny the allegations set forth in the last sentence of paragraph 22 of the

7    Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about

8    the truth of the remaining allegations in paragraph 22 of the Amended Complaint, and they are

9    therefore denied.

10       23.    Denied.

11       24.    Paragraph 24 quotes selectively and incompletely from an SEC release accompanying

12   a proposed regulation that the SEC has never adopted. All other allegations in paragraph 24 of the

13   Amended Complaint are denied.

14       25.    Defendants lack knowledge or information sufficient to form a belief about the truth of

15   the allegations in paragraph 25 of the Amended Complaint, and they are therefore denied.

16       26.    Defendants need not respond to this allegation as it relates to the class because all class

17   claims have been dismissed by the Court without leave to amend. All other allegations of

18   paragraph 26 of the Amended Complaint are denied.

19       27.    Denied.

20       28.    Defendants admit only that the prospectus and statements of additional information are

21   sources of information available to purchasers of Wells Fargo mutual funds. All other allegations

22   in paragraph 28 of the Amended Complaint are denied.

23       29.    Defendants need not respond to this allegation as it relates to the class because all class

24   claims have been dismissed by the Court without leave to amend. The allegations in the first and

25   second sentences of paragraph 29 of the Amended Complaint purport to be statements of law to

26   which no response is required. Defendants deny the allegations in the last sentence of paragraph

27   29 of the Amended Complaint.

28       30.    Denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    31.    Defendants admit only that prospectuses were issued annually for Wells Fargo funds.

2    Defendants admit that Karla Rabusch was tendered for a deposition as a corporate representative

3    of Wells Fargo Funds Management, but the reference to her testimony is selective and incomplete,

4    and therefore allegations are denied.  The remainder of allegations in paragraph 31 are denied.

5    32.    Defendants admit that a February 1, 2000 Stock Fund Prospectus covered the funds

6    listed in paragraph 32 of the Amended Complaint.  Defendants deny the remaining allegations of

7    paragraph 32 of the Amended Complaint.

8    33.    Defendants state that the excerpted passages quote selectively and incompletely from

9    the February 1, 2000 Stock Fund Prospectus.

10    34.    Denied.

11    35.    Defendants state that the excerpted passages quote selectively and incompletely from

12    the February 1, 2000 Stock Fund Prospectus.

13    36.    Denied.

14    37.    Defendants deny that all the passages attributed to the February 1, 2000 Stock Fund

15    Prospectus are accurately quoted in paragraph 37 of the Amended Complaint.

16    38.    Denied.

17    39.    Defendants deny that all the passages attributed to the February 1, 2000 Stock Fund

18    Prospectus are accurately quoted in paragraph 39 of the Amended Complaint.    All other

19    allegations are denied.

20    40.    The documents referenced in paragraph 40 of the Amended Complaint speak for

21    themselves and Defendants deny they are false and misleading.  All other allegations are denied.

22    41.    The documents referenced in paragraph 41 of the Amended Complaint speak for

23    themselves and Defendants deny they are false and misleading.  All other allegations are denied.

24    42.    The excerpted passage in paragraph 42 of the Amended Complaint quotes selectively

25    and incompletely from the February 1, 2002 Prospectus and Defendants deny that the excerpted

26    passage is false and misleading.  All other allegations are denied.

27    43.    The documents referenced in paragraph 43 of the Amended Complaint speak for

28    themselves and Defendants deny they are false and misleading.  All other allegations are denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

44.   The documents referenced in paragraph 44 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading.  All other allegations are denied.

45.   The documents referenced in paragraph 45 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading.  All other allegations are denied.

46.   The excerpted passage in paragraph 46 of the Amended Complaint quotes selectively and incompletely from the February 1, 2004 prospectus and Defendants deny that the excerpted passage is false and misleading.  All other allegations are denied.

47.   The documents referenced in paragraph 47 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading.  All other allegations are denied.

48.   The documents referenced in paragraph 48 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading.  All other allegations are denied.

49.   The excerpted passage in paragraph 49 of the Amended Complaint quotes selectively and incompletely from the April 11, 2005 Stock Funds prospectus and Defendants deny that the excerpted passage is false and misleading.  All other allegations are denied.

50.   The documents referenced in paragraph 50 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading.  All other allegations are denied.

51.   The documents referenced in paragraph 51 of the Amended Complaint speak for themselves.

52.   The excerpted passage in paragraph 52 of the Amended Complaint quotes selectively and incompletely from the February 1, 2000 prospectus.

53.   Denied.

54.   The documents referenced in paragraph 54 of the Amended Complaint speak for themselves.

55.   Denied.

56.   The excerpted passage in paragraph 56 of the Amended Complaint quotes selectively and incompletely from the February 1, 2000 prospectus.

57.   Denied.

58.   The excerpted passage in paragraph 58 of the Amended Complaint quotes selectively

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

ANSWER TO AMENDED CLASS ACTION COMPLAINT          08-CV-1830 WHA

-6-

1    and incompletely from the February 1, 2000 prospectus and Defendants deny that the excerpted

2    passage is false and misleading. All other allegations are denied.

3         59.    The documents referenced in paragraph 59 of the Amended Complaint speak for

4    themselves and Defendants deny they are false and misleading. All other allegations are denied.

5         60.    The documents referenced in paragraph 60 of the Amended Complaint speak for

6    themselves and Defendants deny they are false and misleading. All other allegations are denied.

7         61.    The excerpted passage in paragraph 61 of the Amended Complaint quotes selectively

8    and incompletely from the February 1, 2002 prospectus and Defendants deny that the excerpted

9    passage is false and misleading. All other allegations are denied.

10        62.    The documents referenced in paragraph 62 of the Amended Complaint speak for

11   themselves and Defendants deny they are false and misleading. All other allegations are denied.

12        63.    The documents referenced in paragraph 63 of the Amended Complaint speak for

13   themselves and Defendants deny they are false and misleading. All other allegations are denied.

14        64.    The excerpted passage in paragraph 64 of the Amended Complaint quotes selectively

15   and incompletely from the February 1, 2004 prospectus and Defendants deny that the excerpted

16   passage is false and misleading. All other allegations are denied.

17        65.    The documents referenced in paragraph 65 of the Amended Complaint speak for

18   themselves and Defendants deny they are false and misleading. All other allegations are denied.

19        66.    The documents referenced in paragraph 66 of the Amended Complaint speak for

20   themselves and Defendants deny they are false and misleading. All other allegations are denied.

21        67.    The excerpted passage in paragraph 67 of the Amended Complaint quotes selectively

22   and incompletely from the April 11, 2005 prospectus and Defendants deny that the excerpted

23   passage is false and misleading. All other allegations are denied.

24        68.    The documents referenced in paragraph 68 of the Amended Complaint speak for

25   themselves and Defendants deny they are false and misleading. All other allegations are denied.

26        69.    The documents referenced in paragraph 69 of the Amended Complaint speak for

27   themselves.

28        70.    The documents referenced in paragraph 70 of the Amended Complaint speak for

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    themselves.

2        71.   Denied.

3        72.   The documents referenced in paragraph 72 of the Amended Complaint speak for

4    themselves.

5        73.   Denied.

6        74.   The excerpted passage in paragraph 74 of the Amended Complaint quotes selectively

7    and incompletely from the August 1, 2000 prospectus.

8        75.   Denied.

9        76.   The documents referenced in paragraph 76 of the Amended Complaint speak for

10   themselves and Defendants deny they are false and misleading.  All other allegations are denied.

11       77.   The documents referenced in paragraph 77 of the Amended Complaint speak for

12   themselves and Defendants deny they are false and misleading.  All other allegations are denied.

13       78.   The documents referenced in paragraph 78 of the Amended Complaint speak for

14   themselves and Defendants deny they are false and misleading.  All other allegations are denied.

15       79.   The excerpted passages in paragraph 79 of the Amended Complaint quote selectively

16   and incompletely from the August 1, 2002 prospectus and Defendants deny that the excerpted

17   passages are false and misleading.  All other allegations are denied.

18       80.   The documents referenced in paragraph 80 of the Amended Complaint speak for

19   themselves and Defendants deny they are false and misleading.  All other allegations are denied.

20       81.   The documents referenced in paragraph 81 of the Amended Complaint speak for

21   themselves and Defendants deny they are false and misleading.  All other allegations are denied.

22       82.   The excerpted passages  in paragraph 82 of the Amended Complaint quote selectively

23   and incompletely from the August 1, 2004 prospectus and Defendants deny that the excerpted

24   passages are false and misleading.  All other allegations are denied.

25       83.   The documents referenced in paragraph 83 of the Amended Complaint speak for

26   themselves and Defendants deny they are false and misleading.  All other allegations are denied.

27       84.   The excerpted passages in paragraph 84 of the Amended Complaint quote selectively

28   and incompletely from the April 11, 2005 prospectus and Defendants deny that the excerpted

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1  passages are false and misleading.  All other allegations are denied.

2       85.    The documents referenced in paragraph 85 of the Amended Complaint speak for

3  themselves and Defendants deny they are false and misleading.  All other allegations are denied.

4       86.    The documents referenced in paragraph 86 of the Amended Complaint speak for

5  themselves.

6       87.    The documents referenced in paragraph 87 of the Amended Complaint speak for

7  themselves.

8       88.    Denied.

9       89.    The documents referenced in paragraph 89 of the Amended Complaint speak for

10  themselves.

11       90.    Denied.

12       91.    The documents referenced in paragraph 91 of the Amended Complaint speak for

13  themselves.

14       92.    Denied.

15       93.    The excerpted passages in paragraph 93 of the Amended Complaint quote selectively

16  and incompletely from the October 1, 2000 prospectus and Defendants deny that the excerpted

17  passages are false and misleading.  All other allegations are denied.

18       94.    The documents referenced in paragraph 94 of the Amended Complaint speak for

19  themselves and Defendants deny they are false and misleading.  All other allegations are denied.

20       95.    The documents referenced in paragraph 95 of the Amended Complaint speak for

21  themselves and Defendants deny they are false and misleading.  All other allegations are denied.

22       96.    The excerpted passages in paragraph 96 of the Amended Complaint quote selectively

23  and incompletely from the October 1, 2002 prospectus and Defendants deny that the excerpted

24  passages are false and misleading.  All other allegations are denied.

25       97.    The documents referenced in paragraph 97 of the Amended Complaint speak for

26  themselves and Defendants deny they are false and misleading.  All other allegations are denied.

27       98.    The documents referenced in paragraph 98 of the Amended Complaint speak for

28  themselves and Defendants deny they are false and misleading.  All other allegations are denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

ANSWER TO AMENDED CLASS ACTION COMPLAINT        08-CV-1830 WHA

99.   The documents referenced in paragraph 99 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading. All other allegations are denied.

100.   The excerpted passages in paragraph 100 in the Amended Complaint quote selectively and incompletely from the October 1, 2004 prospectus and Defendants deny that the excerpted passages are false and misleading. All other allegations are denied.

101.   The documents referenced in paragraph 101 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading. All other allegations are denied.

102.   The excerpted passages in paragraph 102 of the Amended Complaint quote selectively and incompletely from the April 11, 2005 prospectus and Defendants deny that the excerpted passages are false and misleading. All other allegations are denied.

103.   The documents referenced in paragraph 103 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading. All other allegations are denied.

104.   The documents referenced in paragraph 104 of the Amended Complaint speak for themselves.

105.   The excerpted passages in paragraph 105 of the Amended Complaint quote selectively and incompletely from the October 1, 2000 WealthBuilder Fund Prospectus.

106.   Denied.

107.   The documents referenced in paragraph 107 of the Amended Complaint speak for themselves.

108.   Denied.

109.   The documents referenced in paragraph 109 of the Amended Complaint speak for themselves.

110.   Denied.

111.   The excerpted passages in paragraph 111 of the Amended Complaint quote selectively and incompletely from the October 1, 2000 WealthBuilder Fund Prospectus and Defendants deny that the excerpted passages are false and misleading. All other allegations are denied.

112.   The documents referenced in paragraph 112 of the Amended Complaint speak for themselves and Defendants deny they are false and misleading. All other allegations are denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1       113. The documents referenced in paragraph 113 of the Amended Complaint speak for

2   themselves and Defendants deny they are false and misleading. All other allegations are denied.

3       114. The excerpted passages in paragraph 114 of the Amended Complaint quote selectively

4   and incompletely from the October 1, 2002 WealthBuilder Funds prospectus and Defendants deny

5   that the excerpted passages are false and misleading. All other allegations are denied.

6       115. The documents referenced in paragraph 115 of the Amended Complaint speak for

7   themselves and Defendants deny they are false and misleading. All other allegations are denied.

8       116. The documents referenced in paragraph 116 of the Amended Complaint speak for

9   themselves and Defendants deny they are false and misleading. All other allegations are denied.

10      117. The excerpted passages in paragraph 117 of the Amended Complaint quote selectively

11  and incompletely from the October 1, 2004 WealthBuilder Funds prospectus and Defendants deny

12  that the excerpted passages are false and misleading. All other allegations are denied.

13      118. The documents referenced in paragraph 118 of the Amended Complaint speak for

14  themselves and Defendants deny they are false and misleading. All other allegations are denied.

15      119. The excerpted passages in paragraph 119 of the Amended Complaint quote selectively

16  and incompletely from the April 11, 2005 WealthBuilder Funds prospectus and Defendants deny

17  that the excerpted passages are false and misleading. All other allegations are denied.

18      120. The documents referenced in paragraph 120 of the Amended Complaint speak for

19  themselves and Defendants deny they are false and misleading. All other allegations are denied.

20      121. Defendants admit only that Wells Fargo mutual funds prospectuses refer to Statements

21  of Additional Information and the quoted language is reflected in those prospectuses.

22      122. Denied.

23      123. The excerpted passages in paragraph 123 of the Amended Complaint quote selectively

24  and incompletely from the February 1, 2000 Statement of Additional Information for the funds

25  listed in paragraph 122 and Defendants deny that the excerpted passages are false and misleading.

26  All other allegations are denied.

27      124. The excerpted passages in paragraph 124 of the Amended Complaint quote selectively

28  and incompletely from the February 1, 2000 Statement of Additional Information for the funds



ANSWER TO AMENDED CLASS ACTION COMPLAINT          08-CV-1830 WHA

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    listed in paragraph 122 and Defendants deny that the excerpted passages are false and misleading.

2    All other allegations are denied.

3         125.  The excerpted passages in paragraph 125 of the Amended Complaint quote selectively

4    and incompletely from the February 1, 2000 Statement of Additional Information for the funds

5    listed in paragraph 122 and Defendants deny that the excerpted passages are false and misleading.

6    All other allegations are denied.

7         126.  The excerpted passages in paragraph 126 of the Amended Complaint quote selectively

8    and incompletely from the February 1, 2000 Statement of Additional Information for the funds

9    listed in paragraph 122 and Defendants deny that the excerpted passages are false and misleading.

10   All other allegations are denied.

11        127.  The excerpted passages in paragraph 127 of the Amended Complaint quote selectively

12   and incompletely from the February 1, 2000 Statement of Additional Information for the funds

13   listed in paragraph 122 and Defendants deny that the excerpted passages are false and misleading.

14   All other allegations are denied.

15        128.  The excerpted passages in paragraph 128 of the Amended Complaint quote selectively

16   and incompletely from the February 1, 2000 Statement of Additional Information for the funds

17   listed in paragraph 122 and Defendants deny that the excerpted passages are false and misleading.

18   All other allegations are denied.

19        129.  The excerpted passages in paragraph 129 of the Amended Complaint quote selectively

20   and incompletely from the February 1, 2000 Statement of Additional Information for the funds

21   listed in paragraph 122 and Defendants deny that the excerpted passages are false and misleading.

22   All other allegations are denied.

23        130.  The documents referenced in paragraph 130 of the Amended Complaint speak for

24   themselves and Defendants deny they are false and misleading.  All other allegations are denied.

25        131.  Denied.

26        132.  The excerpted passage in paragraph 132 of the Amended Complaint quotes selectively

27   and incompletely from a letter from Wells Fargo Funds Management to the Securities and

28   Exchange Commission and from Ms. Rabusch's deposition testimony.  All other allegations and

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1  characterizations of testimony and documents in paragraph 132 of the Amended Complaint are

2  denied.

3      133. Denied.

4      134. Defendants deny the first sentence of paragraph 134 of the Amended Complaint.

5  Defendants lack knowledge or information sufficient to form a belief about the remainder of

6  allegations in paragraph 134 of the Amended Complaint because the cited article could not be

7  accessed, and, therefore, the allegations are denied.

8      135. Denied.

9      136. Paragraph 136 of the Amended Complaint quotes selectively and incompletely from

10  documents and Defendants deny any characterizations regarding them as memorializing

11  "kickbacks" or other improper payments. All other allegations are denied.

12      137. Paragraph 137 of the Amended Complaint quotes selectively and incompletely from

13  documents and Defendants deny any characterizations regarding them as memorializing

14  "kickbacks" or other improper payments. All other allegations are denied.

15      138. Denied.

16      139. Paragraph 139 of the Amended Complaint quotes selectively and incompletely from

17  documents and Defendants deny any characterizations regarding them as memorializing

18  "kickbacks" or other improper payments. All other allegations are denied.

19      140. Paragraph 140 of the Amended Complaint quotes selectively and incompletely from

20  documents and Defendants deny the characterizations of the documents. All other allegations are

21  denied.

22      141. Paragraph 141 of the Amended Complaint quotes selectively and incompletely from

23  documents and Defendants deny the characterizations of the documents. All other allegations are

24  denied.

25      142. Paragraph 142 of the Amended Complaint quotes selectively and incompletely from

26  documents and Defendants deny the characterizations of the documents. All other allegations are

27  denied.

28      143. Paragraph 143 of the Amended Complaint quotes selectively and incompletely from

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

ANSWER TO AMENDED CLASS ACTION COMPLAINT       08-CV-1830 WHA

-13-

1    documents and Defendants deny the characterizations of the documents.  All other allegations are

2    denied.

3        144.  Defendants lack knowledge or information sufficient to form a belief about the truth of

4    the allegations set forth in paragraph 144 of the Amended Complaint, and they are therefore

5    denied.

6        145.  Defendants lack knowledge or information sufficient to form a belief about the truth of

7    the allegations set forth in paragraph 145 of the Amended Complaint, and they are therefore

8    denied.

9        146.  Denied.

10        147.  Paragraph 147 of the Amended Complaint quotes selectively and incompletely from

11    documents and Defendants deny the characterizations of the documents.  All other allegations are

12    denied.

13        148.  Paragraph 148 of the Amended Complaint quotes selectively and incompletely from

14    documents and Defendants deny the characterizations of the documents.  All other allegations are

15    denied.

16        149.  Paragraph 149 of the Amended Complaint quotes selectively, incompletely, and

17    incorrectly from documents and Defendants deny all allegations of wrongdoing that Plaintiffs may

18    contend are evidenced or associated with these documents.  All remaining allegations are denied.

19        150.  The document referenced in paragraph 150 of the Amended Complaint speaks for

20    itself and Defendants deny all allegations of wrongdoing that Plaintiffs may contend are evidenced

21    or associated with this document.

22        151.  Paragraph 151 of the Amended Complaint quotes selectively, incompletely, and

23    incorrectly from a document and Defendants deny all allegations of wrongdoing that Plaintiffs

24    may contend are evidenced or associated with this document.  All other allegations are denied.

25        152.  Paragraph 152 of the Amended Complaint quotes selectively, incompletely, and

26    incorrectly from a document and Defendants deny all allegations of wrongdoing that Plaintiffs

27    may contend are evidenced or associated with this document.  All other allegations are denied.

28        153.  Paragraph 153 of the Amended Complaint quotes selectively, incompletely, and

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    incorrectly from a document and Defendants deny all allegations of wrongdoing that Plaintiffs

2    may contend are evidenced or associated with this document.  All other allegations are denied.

3        154.  Defendants deny the allegations of paragraph 154 of the Amended Complaint that any

4    payments were improper or violated any law.  Defendants only admit that a calculation of fees

5    paid to broker dealers has been performed.   Defendants deny all other allegations and

6    characterizations of those payments set forth in paragraph 154 of the Amended Complaint.

7        155.  Defendants lack knowledge or information sufficient to form a belief about the truth of

8    the allegations of paragraph 155 of the Amended Complaint about Plaintiffs' "belief", and they are

9    therefore denied.  The documents referenced in paragraph 155 speak for themselves.  All other

10   allegations are denied.

11       156.  Defendants deny that paragraph 156 accurately characterizes the statements of

12   counsel.

13       157.  Denied.

14       158.  Denied.

15       159.  Denied.

16       160.  Defendants admit only that they have an operating bank account into which certain

17   payments are made.  Defendants deny Plaintiffs' characterizations about how that account was

18   used.  Defendants lack knowledge or information sufficient to form a belief about the truth of the

19   allegations set forth in paragraph 160 of the Amended Complaint, and they are therefore denied.

20   Defendants further state that the documents described in paragraph 160 speak for themselves.

21       161.  Denied.

22       162.  Ms. Rabusch's testimony is quoted selectively and incompletely and Defendants deny

23   the characterizations of the testimony.  All other allegations are denied.

24       163.  Because of the vague and ambiguous nature of the allegations in paragraph 163 of the

25   Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about

26   the truth of these allegations, and they are therefore denied.

27       164.  Denied.

28       165.  Paragraph 165 of the Amended Complaint quotes selectively and incompletely from a

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

prospectus for Wells Fargo Advantage Large Cap Stock Funds and includes emphases not found in the prospectus.  All other allegations are denied.

166.  Denied.

167.  Paragraph 167 of the Amended Complaint quotes selectively and incompletely from Ms. Rabusch's testimony, which speaks for itself.  All other allegations are denied.

168.  Denied.

169.  Denied.

170.  Denied.

171.  Denied.

172.  Denied.

173.  Denied.

174.  Denied.

175.  Denied.

176.  The statements set forth in paragraph 176 of the Amended Complaint purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

177.  Denied.

178.  The statements set forth in the third sentence of paragraph 178 appear to be conclusions of law, to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.  Because of the vague and ambiguous nature of the remainder of allegations in paragraph 178 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and they are therefore denied.

179.  The statements set forth in paragraph 179 of the Amended Complaint purport to be conclusions of law to which no response is required, but to the extent that any statement is intended to be an allegation of fact, it is denied.

180.  With respect to the allegations in paragraph 180 of the Amended Complaint, Defendants admit only that a mutual fund may pay shareholder service and administrative fees

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   without adopting a 12b-1 plan.   The remaining statements set forth in paragraph 180 of the

2   Amended Complaint purport to be conclusions of law to which no response is required, but to the

3   extent that any statement is intended to be an allegation of fact, it is denied.

4          181.   The statements set forth in paragraph 181 of the Amended Complaint purport to be

5   conclusions of law to which no response is required, but to the extent that any statement is

6   intended to be an allegation of fact, it is denied.

7          182.   The statements set forth in paragraph 182 of the Amended Complaint purport to be

8   conclusions of law to which no response is required, but to the extent that any statement is

9   intended to be an allegation of fact, it is denied.

10         183.   The statements set forth in paragraph 183 of the Amended Complaint purport to be

11  conclusions of law to which no response is required, but to the extent that any statement is

12  intended to be an allegation of fact that any Wells Fargo fund paid excessive fees or that any

13  Defendants charged excessive fees, it is denied.

14         184.   Denied.

15         185.   The excerpt set forth in paragraph 185 of the Amended Complaint speaks for itself.

16  All remaining allegations are denied.

17         186.   Defendants lack knowledge or information sufficient to form a belief about the truth of

18  the allegations in paragraph 186 of the Amended Complaint, and they are therefore denied.

19         187.   Denied.

20         188.   The document cited in paragraph 188 of the Amended Complaint speaks for itself.   All

21  other allegations are denied.

22         189.   The document cited in paragraph 189 of the Amended Complaint speaks for itself.   All

23  other allegations are denied.

24         190.   The document cited in paragraph 190 of the Amended Complaint speaks for itself.   All

25  other allegations are denied.

26         191.   Defendants lack knowledge or information sufficient to form a belief about the truth of

27  the allegations in paragraph 191 of the Amended Complaint, and they are therefore denied.

28         192.   Denied.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

ANSWER TO AMENDED CLASS ACTION COMPLAINT          08-CV-1830 WHA

1    193.  Denied.

2    194.  The quotation in paragraph 194 of the Amended Complaint appears to be a selective

3    and incomplete passage from the cited article.

4    195.  The document cited in paragraph 195 of the Amended Complaint speaks for itself.  All

5    other allegations are denied.

6    196.  Defendants deny that there is a February 1, 2005 prospectus that contains the

7    information referenced in paragraph 196 of the Amended Complaint.  The referenced documents

8    speak for themselves although only selective and incomplete information has been included from

9    those documents.  All other allegations are denied.

10    197.  Defendants lack knowledge or information sufficient to form a belief about the truth of

11    the information reflected in the chart in paragraph 197 of the Amended Complaint and the

12    allegations related to the chart are therefore denied.  All other allegations are denied.

13    198.  Defendants lack knowledge or information sufficient to form a belief about the truth of

14    the information reflected in the charts in paragraph 198 of the Amended Complaint and the

15    allegations related to the charts are therefore denied.  All other allegations are denied.

16    199.  Defendants lack knowledge or information sufficient to form a belief about the truth of

17    the information reflected in the charts in paragraph 199 of the Amended Complaint and the

18    allegations related to the charts are therefore denied.  All other allegations are denied.

19    200.  Denied.

20    201.  Denied.

21    202.  Denied.

22    203.  Defendants deny that the article quoted in paragraph 203 is correctly quoted.

23    204.  Defendants lack knowledge or information sufficient to form a belief about the truth of

24    the allegations in paragraph 204 of the Amended Complaint, and they are therefore denied.

25    205.  Defendants lack knowledge or information sufficient to form a belief about the truth of

26    the allegations in paragraph 205 of the Amended Complaint, and they are therefore denied.

27    206.  Denied.

28    207.  Defendants lack knowledge or information sufficient to form a belief about the

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

ANSWER TO AMENDED CLASS ACTION COMPLAINT        08-CV-1830 WHA

-18-

allegations in paragraph 207 of the Amended Complaint because the cited article could not be accessed, and, therefore, the allegations are denied.

208.  Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 208 of the Amended Complaint because the cited article could not be accessed, and, therefore, the allegations are denied.

209.  Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 209 of the Amended Complaint because the cited article could not be accessed, and, therefore, the allegations are denied.

210.  Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 210 of the Amended Complaint because the cited article could not be accessed, and, therefore, the allegations are denied.

211.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211 of the Amended Complaint, and they are therefore denied.

212.  Denied.

213.  Denied.

214.  Denied.

215.  Denied.

216.  Denied.

217.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 217 of the Amended Complaint, and, therefore, the allegations in the first sentence are denied.  All other allegations are denied.

218.  Because of the vague and ambiguous nature of the allegations in paragraph 218 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations, and they are therefore denied.  The cited document speaks for itself and all other allegations are denied.

219.  Defendants admit only that on or about June 8, 2005, the NASD announced settlements of administrative proceedings with a number of broker dealers.  That announcement speaks for itself, and to the extent that this paragraph characterizes and quotes from the

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1  announcement or the letters referenced in paragraph 219, those documents speak for themselves

2  and Defendants deny Plaintiffs' characterizations of them.

3      220.  The document cited in paragraph 220 of the Amended Complaint speaks for itself and

4  all other allegations are denied.

5      221.  Denied.

6      222.  The documents cited in paragraph 222 of the Amended Complaint speak for

7  themselves and all other allegations are denied.

8      223.  The allegations in the first four sentences of paragraph 223 of the Amended Complaint

9  appear to be conclusions of law to which no response is required, but to the extent that any

10  statement is intended to be an allegation of fact, it is denied.  All other allegations are denied.

11      224.  Defendants lack knowledge or information sufficient to form a belief about the truth of

12  the allegations in paragraph 224 of the Amended Complaint, and they are therefore denied.

13      225.  Denied.

14      226.  Defendants lack knowledge or information sufficient to form a belief about the truth of

15  the allegations set forth in paragraph 226 of the Amended Complaint because of their vague and

16  ambiguous nature and because the allegations represent a commentary across the entire mutual

17  entire industry without regard to time and without any context, therefore, the allegations in

18  paragraph 226 of the Amended Complaint are denied.

19      227.  The Report cited in paragraph 227 of the Amended Complaint speaks for itself and all

20  other allegations are denied.

21      228.  The statements set forth in paragraph 228 of the Amended Complaint purport to be

22  conclusions of law to which no response is required, but to the extent that any statement is

23  intended to be an allegation of fact, it is denied.

24      229.  The statements set forth in paragraph 229 of the Amended Complaint purport to be

25  conclusions of law to which no response is required, but to the extent that any statement is

26  intended to be an allegation of fact, it is denied.

27      230.  Defendants admit only that the individuals listed in paragraph 230 of the Amended

28  Complaint serve or formerly served as Trustees at one point for the Wells Fargo Funds Trust.  All

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN A Professional Corporation

ANSWER TO AMENDED CLASS ACTION COMPLAINT          08-CV-1830 WHA

1  other allegations are denied.

2      231.  Denied.

3      232.  Denied.

4      233.  The documents cited in paragraph 233 of the Amended Complaint speak for

5  themselves and all other allegations are denied.

6      234.  Denied.

7      235.  Denied.

8      236.  The article referenced in paragraph 236 of the Amended Complaint speaks for itself

9  and all other allegations are denied.

10     237.  Denied.

11     238.  Denied.

12     239.  Denied.

13     240.  Denied.

14     241.  Denied.

15     242.  Denied.

16     243.  Defendants need not respond to this allegation as it relates to the class because all class

17  claims have been dismissed by the Court without leave to amend.   All other allegations of

18  paragraph 243 of the Amended Complaint are denied.

19     244.  Defendants need not respond to this allegation as it relates to the class because all class

20  claims have been dismissed by the Court without leave to amend.   All other allegations of

21  paragraph 244 of the Amended Complaint are denied.

22     245.  Denied.

23     246.  The document cited in paragraph 246 of the Amended Complaint speaks for itself and

24  all remaining allegations are denied.

25     247.  Defendants lack knowledge or information sufficient to form a belief about the truth of

26  the allegations set forth in the remainder of paragraph 247 of the Amended Complaint, and they

27  are therefore denied.

28     248.  Defendants admit only that on or around April 11, 2006 the First Amended Complaint

ANSWER TO AMENDED CLASS ACTION COMPLAINT        08-CV-1830 WHA

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

in *Siemers* was filed but deny all other allegations of paragraph 248 of the Amended Complaint.

249. Defendants need not respond to the allegations in paragraphs 249 - 255 of the Amended Complaint because all class claims have been dismissed by the Court without leave to amend.

256. Defendants incorporate by reference their response to each and every allegation set forth above to any allegation that may be incorporated by reference in paragraph 256 of the Amended Complaint.

257. Denied.

258. Denied.

259. Denied.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

264. Denied.

265. Defendants need not respond to this allegation as it relates to the class because all class claims have been dismissed by the Court without leave to amend. All other allegations of paragraph 265 of the Amended Complaint are denied.

266. Defendants incorporate by reference their response to each and every allegation set forth above to any allegation that may be incorporated by reference in paragraph 266 of the Amended Complaint.

267. Denied.

268. Denied.

269. Denied.

270. Denied.

Page 109, lines 4-15, "Prayer for Relief": Defendants need not respond to the Prayer for Relief as it relates to the class because all class claims have been dismissed by the Court without leave to amend. Defendants deny that that the relief requested in items (b)-(e) should be awarded.



HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   Page 109, lines 16-17, "Jury Trial Demanded": Defendants demand a jury trial for only those

2   claims subject to trial by jury.

3   All allegations in the Amended Complaint not specifically addressed above are denied.

4

5   **AFFIRMATIVE DEFENSES**

6

7   **FIRST AFFIRMATIVE DEFENSE**

8   The Amended Complaint and each of its purported claims fail to state a claim upon which

9   relief can be granted.

10

11   **SECOND AFFIRMATIVE DEFENSE**

12   The Amended Complaint fails to plead fraud with the particularity required by Rule 9(b) of

13   the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act.

14

15   **THIRD AFFIRMATIVE DEFENSE**

16   Plaintiffs' claims are barred by the applicable statues of limitation (including but not limited to

17   28 U.S.C. §1658(b)(1)) and by the doctrine of laches.

18

19   **FOURTH AFFIRMATIVE DEFENSE**

20   Some or all of the misrepresentations and/or omissions alleged in the Amended Complaint are

21   forward-looking statements and therefore the statutory "safe harbor" provision set forth in section

22   27A of the Securities Act of 1933, 15 U.S.C. §77z-2, preclude any recovery based on these

23   statements.

24

25   **FIFTH AFFIRMATIVE DEFENSE**

26   Plaintiffs' claims are barred in whole or in part because Defendants acted at all times in good

27   faith and/or did not know, and in the exercise of reasonable care could not have known, or had

28   reasonable grounds to believe, that any misstatements or omissions of material fact existed in any

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

ANSWER TO AMENDED CLASS ACTION COMPLAINT       08-CV-1830 WHA

1    mutual fund prospectus or SAI.

2

3                          **SIXTH AFFIRMATIVE DEFENSE**

4         With respect to all parts of any mutual fund prospectus or SAI not purporting to be made on

5    the authority of an expert, not purporting to be a copy of or an extract from a report or valuation of

6    an expert and not purporting to be made on the authority of a public official document or statement,

7    Defendants had reasonable ground to believe and did believe, at the time such part of the prospectus

8    or SAI became effective, that the statements therein were true and that there was no omission to

9    state a material fact required to be stated therein or necessary to make the statements therein not

10   misleading.

11

12                        **SEVENTH AFFIRMATIVE DEFENSE**

13        With respect to all parts of any mutual fund prospectus or SAI that were purported to be made

14   on the authority of an expert or purported to be a copy of or an extract from a report or valuation of

15   an expert, Defendants had no reasonable ground to believe and did not believe, at the time such part

16   of the prospectus or SAI became effective, that the statements therein were untrue or that there was

17   an omission to state a material fact required to be stated therein or necessary to make the statements

18   therein not misleading, or that such parts of the public disclosure did not fairly represent the

19   statement of the expert or were not fair copies or extracts from the report or valuation of the expert.

20

21                         **EIGHTH AFFIRMATIVE DEFENSE**

22        Defendants' acts and omissions were undertaken in good-faith reliance on then-current

23   guidelines and representations made by the SEC.

24

25                          **NINTH AFFIRMATIVE DEFENSE**

26        Defendants acted at all times in good faith and did not directly or indirectly induce any act or

27   conduct alleged by the Amended Complaint to constitute a violation of law.

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

### TENTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiffs are not damages legally cognizable under Section 10b or Rule 10b-5 of the Securities Exchange Act of 1934.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' purported damages were caused by factors other than the misstatements and omissions alleged in the Amended Complaint and thus are barred as damages.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' purported damages are barred by the doctrine of causation as set forth in *Dura Pharm. v. Broudo*, 544 U.S. 336, 341, 342 (2005).

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs failed to act reasonably to protect themselves from, or to mitigate, any of the damages they allegedly suffered.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs would be unjustly enriched if they were allowed to recover anything in the action.

### FIFTEENTH AFFIRMATIVE DEFENSE

The losses, if any, of some or all of the Plaintiffs are speculative or uncertain and, thus, not compensable.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of waiver.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2    None of the fees received by Wells Fargo Funds Management are excessive within the

3 meaning of the Investment Company Act of 1940 Section 36(b) and *Gartenberg v. Merrill Lynch*

4 *Asset Management*, 694 F.2d 923 (2d Cir. 1982).

5

6

**EIGHTEENTH AFFIRMATIVE DEFENSE**

7    Plaintiffs' claims are barred by the failure of Plaintiffs to read or rely on any Prospectus and

8 such reliance is not excused by any rule of law.

9

10

**NINETEENTH AFFIRMATIVE DEFENSE**

11    Any allegedly untrue statements of material fact, omissions of material fact, misleading

12 statements, or other actions allegedly undertaken by Defendants were not material to the investment

13 decisions of a reasonable investor.

14

**TWENTIETH AFFIRMATIVE DEFENSE**

15    Plaintiffs, by purchasing shares of a particular fund and reinvesting, agreed with, accepted,

16 endorsed and otherwise approved the level of challenged fees. Accordingly, Plaintiffs are estopped

17 and otherwise barred from complaining about those fees.

18

19

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

20    To the extent Plaintiffs continued to own the funds at issue herein, they are barred from any

21 award of money damages with respect thereto.

22

23

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

24    Defendants reserve the right to assert any additional defenses that may become available and

25 appropriate as the investigation of the Plaintiffs' claims continues.

26

27

28

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Defendants pray that:

3      1.      Plaintiffs take nothing by the Amended Complaint;

4      2.      The Amended Complaint be dismissed in its entirety with prejudice and judgment be

5      entered for Defendants;

6      3.      Defendants be awarded their costs of suit, attorneys' fees and expert witness fees; and

7      4.      Defendants be awarded such other further relief as the Court may deem proper.

8
9      DATED:   September 2, 2009.

10                                              GILBERT R. SEROTA
                                                JEREMY T. KAMRAS
11                                              HOWARD RICE NEMEROVSKI CANADY
                                                     FALK & RABKIN
12                                              A Professional Corporation

13                                              By: _____/s/_____
                                                             GILBERT R. SEROTA
14

15                                              Attorneys for Defendants
                                                WELLS FARGO & COMPANY, WELLS FARGO
16                                              FUNDS MANAGEMENT, LLC, and WELLS FARGO
                                                FUNDS TRUST
17

18

19

20

21

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation