**\*\*E-filed 1/14/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARNOLD KREEK, et al.,

        Plaintiffs,

v.

WELLS FARGO & COMPANY, et al.,

        Defendants.

No. C 08-1830

**ORDER DENYING MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

This case was initiated as a putative class action brought on behalf of investors in certain Wells Fargo mutual funds. Plaintiffs allege, in essence, that defendants paid secret and improper "kickbacks" to brokers and agents who steered clients into the funds, and that those "kickbacks" were financed by improper and deceptive fees charged to investors. On August 20, 2009, the judge previously presiding over this action entered an order dismissing the class allegations of the complaint on grounds that the claims of unnamed class members are barred by the applicable statute of limitations. The order concluded that the pendency of a prior action arising from the same events tolled the statute of limitations, but only as to the *individual* claims of the named plaintiffs.

The August 20, 2009 order found that the statute of limitations began to run when plaintiffs were on "inquiry notice" of their claims. Plaintiffs now move for reconsideration, contending that in *Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784 (2010), the Supreme Court held that "inquiry

1 notice" is insufficient to start the statute of limitations running in securities actions such as this. In
2 *Merck*, however, the Court observed that the label "inquiry notice" had been applied to at least two
3 substantively different standards. While cautioning against misuse of the term "inquiry notice,"
4 *Merck* ultimately approved a standard that is substantively identical to the one applied in the August
5 20, 2009 order and in the prior Ninth Circuit authority on which that order relied. Accordingly,
6 *Merck* does not represent a change of law that would support reconsideration of the merits of the
7 August 20, 2009 order, and plaintiffs' motion will be denied. This matter is suitable for disposition
8 without oral argument, pursuant to Civil Local Rule 7-1(b).

## II. DISCUSSION

Plaintiffs' motion for reconsideration rests solely on their contention that *Merck* represents an intervening change in controlling law. *See* Civil Local Rule 7-9 (b)(2) (permitting reconsideration of an interlocutory order where there has been, "a change of law occurring after the time of such order.") Plaintiffs contend that the *Merck* court rejected "inquiry notice" as a basis for commencing the limitations period for filing securities fraud claims, and that because the August 20, 2009 order undisputedly spoke in terms of "inquiry notice," its conclusions are now subject to reconsideration.

The *Merck* court began its analysis by observing that the term "inquiry notice" had been used inconsistently in prior appellate precedents. In some instances, courts had suggested that "inquiry notice" requires only that a plaintiff acquire, "knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed." *Franze v. Equitable Assurance*, 296 F.3d 1250, 1254 (11th Cir. 2002) (quoted by *Merck*, 130 S.Ct. at 1797). In contrast, other courts had made clear that "inquiry notice," requires not only that a party is aware of facts that would trigger a reasonable person to investigate, but also that a reasonable investigation would have resulted in actual knowledge of the claims. *See Merck*, 130 S.Ct at 1797 (quoting *Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, Inc.*, 120 F.3d 893, 896 (8th Cir. 1997) ("Inquiry notice exists when the victim is aware of facts that would lead a reasonable person to investigate *and* consequently acquire actual knowledge of the

2

1 defendant's misrepresentations" (emphasis added)), and *Fujisawa Pharmaceutical Co. v. Kapoor*,
2 115 F.3d 1332, 1335-1336 (7th Cir. 1997) ("The facts constituting [inquiry] notice must be
3 sufficien[t] ... to incite the victim to investigate" and "to enable him to tie up any loose ends and
4 complete the investigation in time to file a timely suit")).

5   *Merck* ultimately rejected any formulation that would permit the limitations period to begin
6 running immediately when a plaintiff is aware of facts that would reasonably prompt further
7 investigation, because, "that point is not necessarily the point at which the plaintiff would already
8 have discovered facts showing scienter or other 'facts constituting the violation.'" 130 S.Ct at 1797.
9 Instead, the Court held that the statutes of limitations on a securities fraud claim begins to run only
10 when, "the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the facts
11 constituting the violation"—whichever comes first." 130 S.Ct. at 1798. The Court expressly noted
12 that the term "inquiry notice" remains "useful" in identifying when a reasonably diligent plaintiff
13 would have begun investigating, but it cautioned that the statute does not actually begin to run until
14 the point in time that any reasonable investigation would have uncovered the salient facts. *Id.*

15   Thus, *Merck* teaches that it would be error to apply the term "inquiry notice" to find that the
16 statute of limitations begins running as soon as a reasonable person is aware of facts that would
17 prompt a further investigation. Nothing in *Merck*, however, suggests any disapproval of the
18 substantive analysis of those courts that previously utilized the term while requiring not only facts
19 that would have reasonably prompted an inquiry, but also a showing that any such inquiry would
20 have revealed the existence of the claim.

21   Here, the August 20, 2009 order expressly described then-controlling Ninth Circuit authority
22 as requiring application of a two-part, objective test before finding the statute of limitations to have
23 begun running under the concept of "inquiry notice." The order stated, "The Ninth Circuit uses the
24 'inquiry-plus-reasonable-diligence' test . . . . First, a court must determine whether the plaintiff had
25 inquiry notice of the facts giving rise to his claim . . . . Second, a court must ask whether 'the
26 investor, in the exercise of reasonable diligence, should have discovered the facts underlying the
27 alleged fraud.'" August 20, 2009 order at 5:6-13 (citing and quoting *Betz v. Trainer Wortham &*
28

**United States District Court**
For the Northern District of California

1  *Co., Inc*., 519 F.3d 863, 869-877 (9th Cir. 2008)).[1]  This formulation of the standard in the August
2  20, 2009 order, and in the *Betz* decision on which it relied, could hardly match more neatly with the
3  Supreme Court's pronouncement in *Merck* that "inquiry notice" is a useful description of when the
4  duty to investigate arises, but that the statute does not begin run until a reasonably diligent plaintiff
5  actually would have discovered the facts through such an inquiry.  *See Merck*, 130 S.Ct. at 1798.
6  Accordingly, while *Merck* may represent a change in law in those jurisdictions that interpreted
7  "inquiry notice" as allowing the statute to run immediately upon knowledge of facts that would
8  prompt a further inquiry, the approach it calls for is substantively indistinguishable from that set out
9  in *Betz* and in the August 20, 2009 order.

10       Finally, the August 20, 2009 not only stated the standard in terms that were entirely
11 consistent with *Merck*, it proceeded through the steps of first analyzing whether the facts would
12 have prompted a reasonable person to investigate (Section A of the order) and then separately
13 considering whether the facts that would have been uncovered in such an inquiry were sufficient to
14 trigger the running of the limitations period (Section B of the order).  While the order concluded that
15 the two inquiries largely "merged" in this particular instance as a result of the "level of detail" in the
16 information disclosed, the analytical framework applied was plainly that which was validated in
17 *Merck*.  Any argument by plaintiffs that the August 20, 2009 *misapplied* the standard by concluding
18 that the two inquiries "merged" or otherwise, is not a sufficient basis for reconsideration.  The
19 question is whether the August 20, 2009 applied the correct standard, not whether it applied that
20 standard correctly.   Because the standard utilized in the order is substantively identical to that
21 approved in *Merck*, there has been no intervening change in law, and plaintiffs' motion for
22 reconsideration must be denied.

---

[1] The Supreme Court subsequently vacated the Ninth Circuit's ruling in *Betz* and remanded for further consideration in light of *Merck. See Trainer Wortham & Co. v. Betz*, 130 S. Ct. 2400 (2010).  The Ninth Circuit, in turn, remanded to the trial court.  *See Betz v. Trainer Wortham & Co.*, 610 F.3d 1169 (9th Cir. 2010).  Nothing in the circumstances of these remands would support a conclusion that either the Ninth Circuit or the Supreme Court would ultimately conclude that the standards enunciated in the original *Betz* opinion were substantively inconsistent with *Merck*.

**United States District Court**
For the Northern District of California

## III. CONCLUSION

The motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: 1/14/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE