**REESE RICHMAN LLP**
Michael R. Reese (Cal. State Bar. No. 206773)
875 Avenue of the Americas
New York, New York 10001
Telephone:  (212) 643-0500
Facsimile:  (212) 573-4272

-   and –

**WHATLEY DRAKE & KALLAS, LLC**
Deborah Clark Weintraub
Elizabeth Rosenberg
1540 Broadway, 37th Floor
New York, New York 10036
Telephone:  (212) 447-7070
Facsimile:  (212) 447-7077

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD LEE, EDWARD ARSENAULT, EMIL DE BACCO, RICHARD HINTON, ARNOLD KREEK, and MARGARET MACHT, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, WELLS FARGO FUNDS MANAGEMENT, LLC, WELLS FARGO FUNDS TRUST, <br><br> Defendants. | No. CV-08-1830 RS <br><br> **PLAINTIFFS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO U.S.C. § 1292(B) AND FOR A STAY OF PROCEEDINGS** <br><br> [Proposed] Order Filed Concurrently] <br><br> Hearing Date:  March 3, 2011 <br> Time: 1:30 p.m. <br> Courtroom:  3, 17th Floor <br><br> Honorable Richard Seeborg |

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                    CV-08-1830 RS

1                          **NOTICE OF MOTION AND MOTION**

2          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that Plaintiffs hereby move the Court pursuant to 28 U.S.C. §

4   1292(b) for an Order amending the Court's January 14, 2011 Order Denying Motion for

5   Reconsideration to certify it for interlocutory appeal to the Ninth Circuit Court of Appeals, and for a

6   stay of proceedings pending the determination of Plaintiffs' application for an appeal.  The motion is

7   based on this notice of motion, the following memorandum of points and authorities, the pleadings,

8   records and files in this action, and any argument that may be presented at the hearing on this

9   motion.

10  **STATEMENT OF ISSUES TO BE DECIDED**

11          1.    Should this Court certify for interlocutory appeal its January 14, 2011 Order Denying

12  Motion for Reconsideration of the Court's August 19, 2009 Order Dismissing Class Allegations

13  Only?

14          2.    Should this Court stay proceedings in this action pending the Ninth Circuit's

15  determination of Plaintiffs' application for an appeal?

16                      **MEMORANDUM OF POINTS AND AUTHORITIES**

17  **I.    PRELIMINARY STATEMENT**

18          Plaintiffs seek certification for interlocutory appeal under 28 U.S.C. § 1292(b) of this

19  Court's January 14, 2011 Order Denying Motion for Reconsideration (Dkt. # 126).  The Order

20  Denying Motion for Reconsideration presents precisely the type of situation in which 1292(b)

21  certification is warranted and the statutory requirements are met here.  As detailed below, in light of

22  the recent United States Supreme Court decision in *Merck & Co., Inc. v. Reynolds*, 130 S. Ct. 1784

23  (2010) which set forth the standard for the type of notice required to commence the running of the

24  statute of limitations for a claim brought under section 10(b) of the Securities Exchange Act of 1934

25  ("Exchange Act"), the Ninth Circuit vacated and remanded the precedents relied upon by the Court

26  in its August 19, 2009 Order dismissing the class allegations only.  The Court's Order Denying

27  Motion for Reconsideration involves a controlling question of law since the district court's

28  resolution of the notice standard, which resulted in dismissal of the class claims, was based on

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                                    CV-08-1830 RS
                                        -1-

1    decisions which have now been vacated and remanded for further proceedings in light of *Merck*.

2    There is substantial ground for difference of opinion as to whether these decisions are consistent

3    with *Merck*.   Indeed, in light of the fact that this Court held that the standard used by this Court in

4    its Order Dismissing Class Allegations Only, is substantively identical to that approved in *Merck*,

5    even though the Ninth Circuit vacated and remanded those decisions in light of *Merck*, leaves no

6    doubt that there is substantial ground for difference of opinion.  Finally, because final determination

7    by an appellate court on the contested statute of limitations issue is necessary to determine the status

8    of the claims of unnamed class members, interlocutory appeal will materially advance the ultimate

9    termination of the litigation.  Therefore, interlocutory appeal and a stay of proceedings pending the

10   Ninth Circuit's determination of the appeal is the most efficient way to proceed.

11   **II.    PROCEDURAL HISTORY**

12       This action was filed on April 4, 2008.  Following the appointment of Lead Plaintiff and

13   Lead Counsel, an amended complaint was filed asserting claims for violation of Section 10(b) of the

14   Exchange Act against Wells Fargo Funds Management and Wells Fargo Funds Trust, and a claim

15   for control person liability against Wells Fargo & Co.  On January 23, 2009, Defendants moved to

16   dismiss including on the grounds that Plaintiffs' claims were time barred because the statute of

17   limitations had begun to run no later than December 2005.

18       On August 19, 2009, the Court issued its Order Dismissing Class Allegations Only finding

19   that Plaintiffs' class allegations with respect to their Exchange Act claims filed on April 4, 2008 were

20   barred by the statute of limitations under 28 U.S.C. § 1658(b).[1]  The Court articulated the following

21   standard to be applied to determine when the statute of limitations began running:  "*First*, a court

22   must determine whether the plaintiff had inquiry notice of the facts giving rise to his claim . . . .

23   *Second*, a court must ask whether 'the investor, in the exercise of reasonable diligence, should have

24   discovered the facts underlying the alleged fraud.'" Dkt. # 86 at 5 (italics in original), citing *Betz v.*

25   *Trainer Wortham & Co., Inc.*, 519 F.3d 863 (9th Cir. 2008).

26   _____
     [1] 28 U.S.C. § 1658(b)(1) provides that claims for violation of Section 10(b) and Section 20(a) of the
     Exchange Act must be brought within two years "after the discovery of the facts constituting the
27   violation."

28

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                              CV-08-1830 RS

1    The Court then relied upon the standard and reasoning of *In re American Funds Sec. Litig.*,

2    556 F. Supp. 2d 1100 (C.D. Cal 2008), which the Court found to be "directly on point" (Dkt. # 86 at

3    5-10) with "nearly identical" facts (*id*. at 11).   The Court concluded based upon the *Betz* and

4    *American Funds* precedents that Plaintiffs in this case were on "inquiry notice" of their claims no

5    later than December 2005 based on certain documents including the June 2005 NASD press releases,

6    news articles concerning it, the December 2005 Disclosure Statement, and the initial complaint filed

7    in the *Siemers* action.  *See Id*. at 11-15.   The Court held that "absent tolling, the two-year statute of

8    limitations ran on these claims before this action was commenced" on April 4, 2008 *Id*. at 8.   The

9    Court concluded that the statute of limitations for Plaintiffs' Exchange Act claims was tolled with

10   respect to the individual plaintiffs but not for the class allegations and, therefore, dismissed Plaintiffs'

11   class allegations as untimely.  *Id.* at 16-21.

12   On October 20, 2010, Plaintiffs sought leave to file a motion for reconsideration of the

13   Court's August 19, 2009 Order based on the recent decision issued by the United States Supreme

14   Court in *Merck & Co., Inc. v. Reynolds*, 130 S. Ct. 1784 (2010) and the United States Court of

15   Appeals for the Ninth Circuit in *Betz v. Trainer Wortham & Co. Inc*., 610 F.3d 1169 (9th Cir. July 7,

16   2010) and *In re American Funds Sec. Litig*., No. 08-56034, 2010 U.S. App. LEXIS 19403 (9th Cir.

17   Sept. 17, 2010).   The Court granted Plaintiffs' motion on November 29, 2010 and Plaintiffs filed

18   their motion for reconsideration on December 16, 2010.   Defendants filed an opposition brief on

19   December 30, 2011 and Plaintiffs filed their reply brief on January 6, 2011.   On January 14, 2011, the

20   Court issued an Order Denying Motion for Reconsideration.

21   **III.   ARGUMENT**

22   **A.   Standard of Interlocutory Appeal**

23   Pursuant to 28 U.S.C. 1292(b), the Court has discretion to certify an interlocutory order for

24   appeal when (1) the "order involves a controlling question of law"; (2) "as to which there is

25   substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may

26   materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *In re Cement*

27   *Antitrust Litig*., 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom. Arizona v. U.S. Dist. Ct*., 459

28   U.S. 1191 (1983).   "Immediate appeal should be granted where there is 'a highly debatable question

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                                                   CV-08-1830 RS
-3-

1    that is easily separated from the rest of the case, that offers an opportunity to terminate the litigation

2    completely, and that may spare the parties the burden of a trial that is expensive for them even if not

3    for the judicial system.'"  *Helman v. Alcoa Global Fasteners, Inc.*, No. CV-09-1353 SVW, 2009

4    U.S. Dist. LEXIS 64720, at *18 (C.D. Cal. June 16, 2009) (quoting Wright, Miller & Cooper,

5    Federal Practice & Procedure § 3930 (2d ed. 1996)).  That is the case here, and certification for

6    appeal is therefore appropriate.

7          **B.    The Court's Order Denying Motion for Reconsideration Involves a "Controlling
                   Question of Law"**
8

9          A question is "controlling" if "resolution of the issue on appeal could materially affect the

10   outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  Here,

11   consideration at the district court level of whether the two-year statute of limitations had run on

12   Plaintiffs' class claims with respect to their claims under Section 10(b) and Section 20(a) of the

13   Exchange Act, resulted in dismissal of such claims based on decisions which have now been vacated

14   and remanded for further proceedings based on the Supreme Court of the United States decision in

15   *Merck*.  *See Betz*, 610 F.3d at 1171; *American Funds,* 2010 U.S. App. LEXIS, at *3.  The Ninth

16   Circuit, in vacating and remanding *Betz* and *American Funds*, made it clear that these cases'

17   analyses regarding the timeliness of claims under 28 U.S.C. § 1658(b) must be reassessed in light of

18   *Merck*.  The issue to be decided on appeal is whether the precedents relied on by the Court regarding

19   the timeliness of Plaintiffs' claims are consistent with the inquiry notice standard set forth in *Merck*.

20   This question of law is controlling because consideration of it on appeal would materially affect the

21   outcome of litigation in the district court.

22         **C.    There is "Substantial Ground for Difference of Opinion"**

23         The "central inquiry" of the second certification requirement is "the strength of the arguments

24   in opposition to the challenged ruling."  *Helman,* 2009 U.S. Dist. LEXIS 64720, at *17 (quotations

25   marks omitted).  Here, there is a substantial ground of difference of opinion as to whether *Betz* and

26   *American Funds*, relied on by the Court in its August 19, 2009 Order Dismissing Class Allegations

27   Only, are consistent with the Supreme Court's decision in *Merck,* as indicated by this Court in it's

28   January 14, 2010 Order denying plaintiffs' motion for reconsideration.

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                          CV-08-1830 RS
-4-

1    Following the Supreme Court's decision in *Merck*, the Ninth Circuit in *Betz* and *American*

2    *Funds* vacated and remanded the decisions for further proceedings consistent with *Merck*. *See Betz*,

3    610 F.3d at 1171; *American Funds*, 2010 U.S. App. LEXIS 19403, at *3. There can be no doubt

4    that the Ninth Circuit made this decision in light of the fact that the standards applied in *Betz* and

5    *American Funds* need further consideration in light of the standard outlined in *Merck*. *Merck*

6    requires that the statue of limitations on a claim for violation of Section 10(b) begins to run once the

7    plaintiff discovers, or a reasonably diligent plaintiff would have discovered, ***the facts constituting***

8    ***the violation, including scienter.*** 130 S. Ct. at 1798. (emphasis added). However, the August 19,

9    2009 Order, relying on *Betz* and *American Funds*, applied a legal standard under which facts

10   indicating the existence of an omission alone, without scienter, could trigger the running of the

11   Statute of Limitations for a securities ***fraud*** case. *See* August 19, 2009 Order at 10-11. While this

12   might have been true prior to the Supreme Court's decision in *Merck*, it certainly is not the case after

13   *Merck,* as the Supreme Court specifically held that proof of a false statement or material omission is

14   not enough to meet the pleading requirement for scienter. *Id.* at 1796. ("Merck argues that, even if

15   'discovery' requires facts related to scienter, facts that tend to show a materially false or misleading

16   statement (or material omission) are ordinarily sufficient to show scienter as well…But we do not

17   see how that is so.").

18   In the Order Denying Motion for Reconsideration, the Court stated that it applied an inquiry

19   notice standard that is identical to the standard outlined in *Merck*. *See* January 14, 2011 Order at 4.

20   But the two cases that this Court relied on, in making its decision on inquiry notice, have been

21   vacated and remanded, ***in light of Merck***. Indeed, California district courts have held that there is a

22   "substantial ground for difference of opinion" when there is lack of applicable case law on the

23   controlling issue. *See, e.g., Wells Fargo Bank v. Bourns, Inc.*, 860 F. Supp. 709, 717 (N.D. Cal.

24   1994) (interlocutory appeal under 1292(b) allowed where issues "have not been squarely addressed

25   by the Ninth Circuit."). Therefore, there is a substantial ground for difference of opinion as to

26   whether this Court, when dismissing Plaintiffs' class allegations, utilized a legal standard consistent

27   with *Merck*.

28   Moreover, if one of the goals of the interlocutory appeal process is to obtain uniformity and

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                                              CV-08-1830 RS

1    judicial economy in the application of the law, and the fact that *Betz* and *American Funds* are now

2    being reconsidered, to *not* reconsider this case in light of *Merck*, would cause inconsistency and

3    unfairness. *See Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 875 (5th Cir. 2002)

4    (noting that the district court stated "[t]here needs to be uniformity on this issue" when certifying the

5    issue for interlocutory appeal); *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1025 (C.D. Cal.

6    2000) ("certification [of interlocutory appeal] will not only effectuate judicial economy, but also

7    uniformity in the application of the law.").

8          **D.   Interlocutory Appeal May "Materially Advance the Ultimate Termination of the**

9                  **Litigation"**

10         Under the third prong of Section 1292(b), an interlocutory appeal is proper if it "may

11   materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b). "This factor is

12   linked to whether an issue of law is 'controlling' in that the Court should consider the effect of a

13   reversal by the court of appeals on the management of the case." *A.H.D.C. v. City of Fresno,*

14   *California*, No. 97-5498, 2003 U.S. Dist. LEXIS 27955, at *11 (C.D. Cal. Feb. 26, 2003).

15         First, the unsettled nature regarding the question of the Court's statute of limitations ruling is

16   the reason that this case has proceeded at the pace it has. In setting the case schedule for this matter,

17   the Court issued a lengthy schedule with a distant trial date so that the Court could take into account

18   the Ninth Circuit's decision on the appeal of the district court's ruling in *American Funds*. *See*

19   October 16, 2009 Order Setting Schedule (Dkt. # 94). Further extension of the schedule has resulted

20   while the parties waited for the Supreme Court's decision in *Merck*. *See* May 7, 2010 Stipulation

21   and Order re Scheduling (Dkt. # 106) (order extending schedule in light of uncertainty regarding law

22   on statute of limitations, with the parties stipulating that they "agree that given that they have

23   engaged in limited discovery to date and given the continued potential for uncertainty regarding the

24   impact, if any, of *In re American Funds*, a modification of the present discovery and trial schedule is

25   warranted"). *Id.* at 2. Further delay could be caused once the district courts in *Betz* or *American*

26   *Funds* issue their ruling on the statute of limitations issue that the Ninth Circuit ordered them to

27   consider in light of *Merck*. Additionally, the Ninth Circuit could issue rulings on statute of

28   limitations in light of *Merck* in other cases, which then the parties would request this Court to take

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS          CV-08-1830 RS

1   into consideration.   However, this further delay could be avoided by having the Ninth Circuit make

2   a definitive decision now on the statute of limitations issue posed in the above-captioned matter.

3       Second, it needs to be noted that the above captioned matter is a class action.  The ruling

4   contested here is, in essence, the equivalent of the denial of a motion for class certification.  It

5   affects the rights of unnamed class members.  Final determination by an appellate court on the

6   contested statute of limitations issue is necessary to determine the status of the claims of unnamed

7   class members.  Until that occurs, there can be no "ultimate termination" to the litigation.

8       The case of *Sperling v. Hoffmann-La Roche, Inc.*, 24 F.3d 463 (3d Cir. 1994) is on point.  In

9   *Sperling*, the district court rendered a decision regarding the statute of limitations that impacted

10  members of a class action.  *Id.* at 465.  The district court certified the statute of limitations question

11  for interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b), and the appellate court subsequently

12  granted permission to appeal.  *Id.*

13      The case of *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154 (3d Cir.

14  2001) is also instructive here.  In *Newton*, the appellate court granted interlocutory review on an

15  order denying class certification.  The appellate court reasoned that:

16      If granting the appeal…would permit us to address (1) the possible case-

17      ending effect of an imprudent class certification decision (the decision is

18      likely dispositive of the litigation); (2) an erroneous ruling; or (3) facilitate

19      development of the law on class certification, then granting the motion

20      would be appropriate.

21                              *       *       *

22      The claims here touch on several reasons justifying interlocutory appeal.

23      On the one hand, some of the securities claims pressed by the putative

24      class members may be too small to survive as individual claims. On the

25      other, certifying the class may place unwarranted or hydraulic pressure to

26      settle on defendants. Either way, an adverse certification decision will

27      likely have a dispositive impact on the course and outcome of the

28      litigation. Moreover, this case raises fundamental questions about what

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                                    CV-08-1830 RS

1    type of private securities claims merit class certification. For these

2    reasons, the motion was properly granted.

3    *Id.* at 165.

4    Following the logic of *Sperling* and *Newton*, this Court should also certify the issue regarding

5    the statute of limitations for interlocutory appeal.

6    **E.    The Court Should Stay Proceedings Pending Appeal**

7    If the Court decides to certify the Order for interlocutory appeal, it should stay the proceedings

8    of this action pending appeal, or at least until the Ninth Circuit determines whether to permit the

9    appeal.  Section 1292(b) states: [A]pplication for an appeal hereunder shall not stay proceedings in

10   the district court unless the district judge or the Court of appeals or a judge thereof shall so order."

11   28 U.S.C. 1292(b). Therefore, "by statute, this court has authority to stay the proceedings pending

12   an interlocutory appeal." *Eaton v. Siemens*, No. 2:07-cv-315 FCD KJM, 2007 U.S. Dist. LEXIS

13   58583, at \*5 (E.D. Cal. Aug. 10, 2007).  Additionally, a district court has inherent discretion to

14   control its docket "in a manner which will promote economy of time and effort for itself, for counsel

15   and for litigants."  *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *see also*

16   *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court

17   may, with propriety, find it is efficient for its own docket and the fairest course for the parties to

18   enter a stay of an action before it, pending resolution of independent proceedings which bear upon

19   the case.").

20   A stay is appropriate here as it would prevent the parties from engaging in wasteful discovery

21   and would promote judicial efficiency. *See Eaton*, 2007 U.S. Dist. LEXIS 58583, at \*12 (granting

22   stay of proceedings upon certification for appeal because it "promotes economy of time and effort

23   both for the court and the parties."); *Helman*, 2009 U.S. Dist. LEXIS 64720, at \*19 (granting

24   certification for appeal and stay of proceedings where "it would be preferable for the Court of

25   Appeals to address the issue now, rather than to require the parties [] to expend significant time and

26   resources, which might ultimately be wasted.").

27   **IV.   CONCLUSION**

28   For the foregoing reasons, the Court should certify the question presented herein to the Ninth

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                                CV-08-1830 RS
                                    -8-

1 | Circuit Court of Appeals pursuant to 28 U. S. C. § 1292(b) and stay proceedings in this Court

2 | pending appeal.

3

4 | Respectfully submitted,

5 | DATED:  January 24, 2011 | **WHATLEY DRAKE & KALLAS, LLC**

6 | By:  */s/ Deborah Clark-Weintraub*_____

7 | Deborah Clark-Weintraub
Elizabeth Rosenberg

8 | 1540 Broadway, 37th Floor
New York, New York 10036

9 | Telephone:  (212) 447-7070
Facsimile:  (212) 447-7077

10

11 | **REESE RICHMAN LLP**
Michael R. Reese (Cal. State Bar. No. 206773)
875 Avenue of the Americas

12 | New York, New York  10001
Telephone:  (212) 643-0500

13 | Facsimile:   (212) 573-4272

14 | ***Lead Counsel for Plaintiffs***

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                                    CV-08-1830 RS
-9-

1

**CERTIFICATE OF SERVICE**

2

3
I, Deborah Clark-Weintraub, hereby declare that on January 24, 2011, I served all counsel of

4
record with the foregoing document by filing said document with the Court's electronic filing

5
system, which then provided service of the document to all counsel of record.

6
                                            */s/ Deborah Clark-Weintraub*_____
                                            Deborah Clark-Weintraub
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292 AND FOR A
STAY OF PROCEEDINGS                                    CV-08-1830 RS
                                            -10-