**\*\*E-filed 3/21/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARNOLD KREEK, et al.,

        Plaintiffs,

  v.

WELLS FARGO & COMPANY, et al.,

        Defendants.

_____/

No. C 08-1830

**ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

## I. INTRODUCTION

In August of 2009, the judge previously presiding over this action dismissed the class allegations of the complaint, finding the claims of unnamed class members to be barred by the applicable statute of limitations. The individual claims of the six named plaintiffs were permitted to go forward because the limitations period was tolled as to those claims during the pendency of a prior action arising from the same events. In December of 2010, plaintiffs sought reconsideration of the dismissal of class allegations, contending that the Supreme Court's decision in *Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784 (2010), represents an intervening change in law as to the standard for determining when the statute of limitations begins to run in actions like this. Concluding that the standard articulated in *Merck* is substantively identical to that applied in the August 2009 order, the Court found no basis to reconsider the merits of that order.

Plaintiffs now seek certification under 28 U.S.C. § 1292(b) that the order denying reconsideration is appropriate for interlocutory appeal. The matter was submitted without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons set out below, plaintiffs' request for certification will be denied.

## II. DISCUSSION

Section 1292(b) provides, in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

Although this section refers to a court stating the reasons for permitting an interlocutory appeal "in such order," Rule 5(a)(3) of the Federal Rules of Appellate Procedure permits a party to seek certification after an order has issued. This is accomplished by way of a motion such as plaintiffs have brought here, for "amendment" of the original order to include a statement that conditions warranting interlocutory appeal are present.

Under section 1292(b), interlocutory appeal is only appropriate where: (1) it would address a controlling question of law; (2) about which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). These requirements are jurisdictional, and the party seeking certification bears the burden of demonstrating that they have been satisfied. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2009).

The Ninth Circuit has held that a question of law is "controlling" if, "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Cement Antitrust*

*Litig.*, 673 F.2d at 1026.[1]  Here, in arguing that there is a "controlling" question, plaintiffs to a large degree conflate the actual issue that would be presented on appeal (whether denial of reconsideration was an abuse of discretion) with the underlying question of whether the August 2009 order was correctly decided.  While it very well might "materially affect the outcome of the litigation" were the claims of unnamed class members reinstated, it is far less clear that an appeal of the order denying reconsideration would ultimately have a material effect.[2]

Were this Court's January 14, 2011 order denying reconsideration to be certified for appeal and accepted by the Ninth Circuit, review would be for abuse of discretion.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  As noted above, plaintiffs' contention is that *Merck* represented a material change in the standard to be applied in determining when the statute of limitations began to run in cases like this one, and that therefore reconsideration of the August 2009 order is not only appropriate, but necessary.  If plaintiffs succeeded in persuading the Ninth Circuit that reconsideration of the merits of the August 2009 order is required in light of *Merck*, the most likely result would be a remand to this Court for such a review.  While it is conceivable that plaintiffs would urge the Ninth Circuit to reach the further question of whether *Merck* necessarily leads to a different result on the merits of the limitations issue, it is probable that the court would not be inclined to make that determination in the absence of an initial ruling by the district court.  *See Betz v. Trainer Wortham & Co., Inc.*, 610 F.3d 1169 (9th Cir. 2010) (remanding similar action to district court for initial determination as to effect of *Merck* decision).

Were the matter thus remanded, it would not be a foregone conclusion that the ultimate result would be different.  Even assuming that the Ninth Circuit agreed with plaintiffs that *Merck* represents a change in law from that applied in the August 2009 order, it would remain to be decided whether or not the claims of unnamed class members are time-barred under an application

---

[1] Under this formulation, the first and third prongs of the test substantially overlap.

[2] Even reinstatement of the class claims will not *necessarily* have a material effect on the litigation. Wells Fargo suggests that it intends to bring a motion for summary judgment on the merits of the claims, which, if granted, would render the statute of limitations issue moot.

3

1  of the standard as articulated in *Merck*. *See In re American Funds Securities Litigation,* No. CV 06-
2  7815-GAF (C.D. Cal.)*,* Minute Order entered February 22, 2011 (expressly applying *Merck*
3  standard after remand and reaffirming prior conclusion that claims were time barred).[3] Thus, there
4  are multiple hurdles that plaintiffs would have to overcome before obtaining a materially different
5  outcome, a fact which weighs against characterizing the appeal they seek to take now as involving a
6  "controlling" question of law.

7  Nevertheless, even assuming that plaintiffs might be entitled to an interlocutory appeal
8  where appellate review is at most a first step in resolving an important issue in their favor, they have
9  failed to satisfy the requirement that there be "substantial ground for difference of opinion" as to the
10 correctness of the January 14, 2011 order.

> To determine if a "substantial ground for difference of opinion" exists under
> §1292(b), courts must examine to what extent the controlling law is unclear. Courts
> traditionally will find that a substantial ground for difference of opinion exists where
> the circuits are in dispute on the question and the court of appeals of the circuit has
> not spoken on the point, if complicated questions arise under foreign law, or if novel
> and difficult questions of first impression are presented." . . . . However, just because
> a court is the first to rule on a particular question or just because counsel contends
> that one precedent rather than another is controlling does not mean there is such a
> substantial difference of opinion as will support an interlocutory appeal.

18 *Couch*, *supra*, 611 F.3d at 633 (citations and quotations omitted).

19 Here, plaintiffs have pointed to no authorities that would suggest there is a substantial
20 ground for difference of opinion as to whether it was an abuse of discretion to deny reconsideration
21 under these circumstances. Focusing on the more narrow question of whether the standards applied
22 in the August 2009 order are "consistent with" *Merck*, plaintiffs argue that the remands in *Betz* and

---

[3] Notably, in seeking reconsideration, plaintiffs did not articulate any arguments as to why they believed the August 2009 Order was incorrectly decided that would not have applied with virtually the same force under the standard articulated in that order. Even assuming *Merck* represents some subtle change in the law, plaintiffs did not establish that the result they seek turns on any such change. Thus, although the motion was presented as one for reconsideration in light of new precedent, in effect plaintiffs were only seeking a second bite at the apple, to which the emergence of *Merck* was merely incidental.

*American Funds* demonstrate that there is room for disagreement as to whether or not those standards "need further consideration." The shortcoming in this argument, however, is that even though the Court declined to reconsider the *merits* of the analysis in the August 2009 order, it granted plaintiffs leave to file their motion for reconsideration, and carefully examined and compared the articulation and substance of the standard in *Merck* against that applied in the August 2009 order.

While the Ninth Circuit certainly allowed for the possibility the *Betz* and *American Funds* courts might engage in further proceedings to the extent they concluded *Merck* warranted a different analysis, nothing in the remands expressly or impliedly directed the courts to proceed under an assumption that *Merck* represented a material change in the law.[4] Indeed, as noted above, the district court in *American Funds* has since concluded that it does not. Thus, while plaintiffs may be correct that the Ninth Circuit has indicated further consideration of the *potential* impact of *Merck* is warranted, they have been afforded that consideration. Because they have not established there is a substantial ground for difference of opinion as to the correctness of this Court's order declining to reexamine the merits of the August 2009 order, however, plaintiffs' motion for certification must be denied.

---

[4] Attempting to divine such direction from *Betz* would be particularly futile, because in that case the Ninth Circuit had previously held that factual issues precluded a determination that the claims were time-barred, even before the *Merck* decision issued. *See Betz v. Trainer Wortham & Co., Inc.*, 519 F.3d 863 (9th Cir. 2008) (*vacated* by *Trainer Wortham & Co. v. Betz*, 130 S. Ct. 2400 (2010)).

III. CONCLUSION

The motion is denied.

IT IS SO ORDERED.

Dated: 3/21/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE